IN the INTEREST OF W.P., a child under the age of 18: STATE of Wisconsin, Petitioner-Appellant,

v.

W.P., Respondent.

Supreme Court

*No. 89-1901. Argued November 29, 1989.—Decided January 10, 1990.*

(Also reported in 449 N.W.2d 615.)

For the petitioner-appellant there was a brief by *David Robles,* assistant district attorney and a brief by *Sally L. Wellman,* assistant attorney general, with whom on the brief was *Donald J. Hanaway,* attorney general and oral argument by *Sally L. Wellman.*

For the respondent there was a brief and oral argument by *Donna L. Hintze,* assistant state public defender.

SHIRLEY S. ABRAHAMSON, J. This is an appeal from an order of the Circuit Court for Milwaukee County, Ronald S. Goldberger, Circuit Judge. The order dismissed a petition to extend a juvenile delinquency dispositional order because the petition was scheduled for hearing after the juvenile's eighteenth birthday. The state appealed the dismissal order to the court of appeals. Upon the state's motion for relief pending appeal, Judge William Moser of the court of appeals

stayed the dismissal order and other orders of the circuit court pending resolution of the appeal. This court denied W.P.'s petition for a writ of habeas corpus and took jurisdiction of the appeal upon its own motion pursuant to sec. 808.05(3) and sec. (Rule) 809.61, Stats. 1987–88. We reverse the dismissal order of the circuit court and remand the cause to the circuit court for further proceedings.

The issue presented on appeal involves the interpretation of sec. 48.355(4), Stats. 1987–88, relating to the extension of a delinquency dispositional order. Specifically, we must determine whether the circuit court is authorized to enter an order to extend a delinquency dispositional order under the following circumstances: (a) the petition to extend the order is filed both before the dispositional order expires and before the juvenile attains the age of 18; (b) the hearing in circuit court to consider the petition is held during the 30-day extension period granted under sec. 48.365(6), Stats. 1987–88; and (c) the hearing occurs after the juvenile's eighteenth birthday. We hold that by virtue of the 30-day extension order the circuit court entered prior to both the expiration of the dispositional order and the juvenile's eighteenth birthday, the circuit court may, within the 30-day period, consider whether the original dispositional order should be extended even if the juvenile has reached the age of 18. We further hold that the case is not moot. Although the 30-day extension of the dispositional order in this case expired on October 5, 1989, the 30-day period was tolled by Judge Moser's order.

The facts are not in dispute. W.P. was adjudicated delinquent of operating a motor vehicle without the owner's consent. On November 15, 1988, the circuit court entered a dispositional order pursuant to sec. 48.355. The order transferred the juvenile's legal custody

52

to the Wisconsin State Department of Health and Social Services (Division of Corrections) and placed the juvenile in a secured juvenile correctional facility. The dispositional order's date of expiration was September 5, 1989. W.P.'s eighteenth birthday fell on September 6, 1989.

On August 2, 1989, the state filed a petition with the circuit court seeking a one-year extension of the dispositional order pursuant to sec. 48.365. The circuit court held an initial hearing on the petition on August 31, 1989, prior to the expiration of the dispositional order. W.P. stated that he wished to contest the extension, and the circuit court ordered a 30-day extension of the dispositional order, pursuant to sec. 48.365(6), to allow for a plenary hearing. The order extending the dispositional order was to expire on October 5, 1989, after W.P.'s eighteenth birthday.

On September 27, 1989, the parties appeared before the circuit court for the hearing on the petition to extend the dispositional order. Following a motion by W.P.'s counsel, the circuit court dismissed the petition. The circuit court ruled that the 30-day extension the circuit court granted under sec. 48.365(6) is part of the original dispositional order and that since W.P. turned 18 during this 30-day period the petition for a one-year extension had to be dismissed. A written order to that effect was entered on October 3, 1989. The state appealed from this order. Judge Moser granted a stay of the circuit court's order, including the order releasing W.P. from a secured juvenile correctional facility.

W.P.'s argument on appeal rests on the premise that the 30-day extension order the circuit court entered pursuant to sec. 48.365(6) is part of the original dispositional order entered on November 15, 1988. Arguing from this premise, W.P. contends that sec. 48.355(4)

bars the circuit court from extending the original dispositional order in this case because he was over 18 years of age on October 5, 1989 when the 30-day extension to the original dispositional order expired.

Section 48.355(4) prohibits the juvenile court from extending an original dispositional order if the child is 18 years of age or older when the original dispositional order terminates. Section 48.355(4) provides as follows:

> (4) Termination of orders. *(a) Except as provided under par. (b),* all orders under this section shall terminate at the end of one year unless the judge specifies a shorter period of time. Extensions or revisions shall terminate at the end of one year unless the judge specifies a shorter period of time. *No extension under s. 48.365 of an original dispositional order may be granted for a child whose legal custody has been transferred to the department under s. 48.34(4m) if the child is 18 years of age or older when the original dispositional order terminates.* Any order made before the child reaches the age of majority shall be effective for a time up to one year after its entry unless the judge specifies a shorter period of time. (Emphasis added.)
>
> (b) An order under s. 48.34(4m) for which a child has been adjudicated delinquent is subject to par. (a), except that the judge may make the order apply for up to 2 years or until the child's 19th birthday, whichever is earlier.[1]

W.P. asks the court to interpret chapter 48 to mean that absent any express authorization in the statutes, a circuit court exercising jurisdiction under chapter 48

---

[1] Section 48.34(4m), Stats. 1987–88, provides:

. . . The dispositions under this section are . . . (4m) Transfer legal custody to the subunit of the department administering corrections for placement in a secured correctional facility . . ..

may not enter an order affecting a person who is over the age of 18. Accordingly, W.P. argues that sec. 48.355(4), which does not expressly permit entry of an extension order after the juvenile reaches the age of 18, should be interpreted as barring the juvenile court from extending the dispositional order in this case.

We conclude that the 30-day extension period is not part of the original dispositional order under sec. 48.355(4)(a). When sec. 48.355(4) is read along with sec. 48.365(6) it is clear that the legislature intended that the circuit court may extend a dispositional order for a period of not more than 30 days in order to consider a petition to extend the original dispositional order within the 30-day period, even when the juvenile reaches the age of 18 during the extension period.

Section 48.365(6) provides that a circuit court may extend a dispositional order and grant a 30-day extension of the original order if a request to extend a dispositional order is made prior to the termination of the order, but the court is unable to conduct a hearing on the request prior to the termination date.[2] Both requirements set forth in sec. 48.365(6) were met in this case. First, the state made the request to extend the dispositional order before the termination of the original dispositional order. Second, the circuit court declared it was unable to conduct a hearing prior to the termination date.

---

[2] Section 48.365(6), Stats. 1987–88, provides:

If a request to extend a dispositional order is made prior to the termination of the order, but the court is unable to conduct a hearing on the request prior to the termination date, the court may extend the order for a period of not more than 30 days.

Our reading sec. 48.355(4) and sec. 48.365(6) as permitting circuit courts to consider extending an original dispositional order when the juvenile reaches the age of 18 during the 30-day extension period is consistent with the legislature's intent and the purposes of chapter 48. Our interpretation comports with our prior declaration that the Children's Code "sets up a system of annual review guaranteeing procedural due process at least within one year and 30 days after the original dispositional order." *In the Interest of S.D.R.,* 109 Wis. 2d 567, 576, 326 N.W.2d 762 (1982).

Our interpretation also comports with the purposes of the Children's Code. The legislature intended that the Children's Code would establish both "judicial and other procedures through which children . . . are assured fair hearings and their constitutional rights . . ." and "a program of supervision, care and rehabilitation." Section 48.01(1)(a) and (c), Stats. 1987–88. The very purpose of the circuit court's 30-day extension order was to ensure that W.P.'s constitutional rights to due process and fundamental fairness were honored. The circuit court entered an extension order to consider W.P.'s objections to the extension of the delinquency determination.

From a practical standpoint, W.P.'s construction of sec. 48.355(4) would reduce the period for evaluating the juvenile's progress and thereby increase the risk of inappropriate placement and evaluation by the juvenile courts. As this court recognized in *In the Interest of S.D.R., supra* 109 Wis. 2d at 576:

> . . . the report which documents the child's progress and future needs can not be prepared too long before the end of the dispositional order or it will not accurately reflect the child's progress and future needs. The legislature in providing for the 30-day period balanced the interests of the juvenile in having a

hearing before the expiration of the dispositional order and having the benefit of the entire dispositional period to examine his or her progress.

W.P. also argues that even if we decide against him on the issue of statutory interpretation, the decision in this case is now moot because the dispositional order expired on October 5, 1989. W.P. contends that Judge Moser's order staying the circuit court's order granting a 30-day extension did not stay the expiration of the order. Relying on *In the Interest of L.M.C.,* 146 Wis. 2d 377, 389, 420 N.W.2d 352 (Ct. App. 1988), W.P. argues that neither the circuit court nor the court of appeals could grant a second extension order. Because the circuit court did not extend or revise the original dispositional order within the extension period that ended on October 5, 1989, W.P. argues that he must be released without a further hearing.

W.P.'s reliance on the *L.M.C.* case is misplaced. In *L.M.C.* the court granted a second extension of a 30-day extension order to accommodate a congested court calendar. In this case Judge Moser granted a stay of circuit court orders pursuant to sec. 808.07(2) and 809.12, Stats. 1987–88. A stay is not an extension. A stay operates to put an end to all progress in the action, "and no [additional] step may be lawfully taken . . .." *Wallace v. Wallace,* 13 Wis. 250 (*224), 253 (*227) (1860). A stay of proceedings directed to a circuit court tolls the running of any time period within which a particular act is to be done in that court. See *State ex rel. Rabe v. Ferris,* 97 Wis. 2d 63, 68, 293 N.W.2d 151 (1980). We conclude that Judge Moser's order was sufficient to toll the temporary 30-day extension order entered pursuant to sec. 48.365(6).

57

*By the Court.*—The order of the circuit court is reversed and the cause remanded for proceedings not inconsistent with this opinion.

BABLITCH, J., took no part.