IN the INTEREST OF C.M.L., a child under the age
of eighteen: C.M.L., Appellant,†

v.

STATE of Wisconsin, Respondent.

Court of Appeals

*No. 90-0465-FT. Submitted on briefs May 24, 1990.—Decided
June 19, 1990.*

(Also reported in 458 N.W.2d 573.)

†Petition to review denied.

152

On behalf of the appellant, the cause was submitted on the briefs of *Donald T. Lang,* assistant state public defender.

On behalf of the respondent, the cause was submitted on the brief of *James D. Babbitt,* assistant district attorney, of Barron.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. C.M.L. appeals a dispositional order finding him delinquent for theft following a jury trial.[1] He argues that the circuit court lacked competency to enter the order because the dispositional hearing was not held within thirty days of the fact-finding hearing as mandated by sec. 48.31(7), Stats. Upon receipt of the jury's verdict, C.M.L. orally moved for judgment notwithstanding the verdict on grounds that the evidence failed to establish one of the elements of the offense. We hold that the fact-finding hearing was not closed until that issue was resolved. The dispositional hearing, held twelve days after the court ruled that the evidence did support the jury's verdict, was within the thirty-day limit imposed by sec. 48.31(7). We therefore affirm.

C.M.L. was found guilty of theft as party to a crime by a jury on July 19, 1989. Following receipt of the verdict, C.M.L. moved for judgment notwithstanding the guilty verdict on grounds that the state had failed to

---

[1]This is an expedited appeal under Rule 809.17. Upon the chief judge's order, this has been issued as a three-judge opinion pursuant to sec. 809.41(3), Stats.

153

prove the element of nonconsent. The court reserved its ruling on the issue and ordered the parties to file letter briefs within five days. The court scheduled the dispositional hearing for August 21, 1989. After receipt of letter briefs, the court decided the issue adverse to C.M.L. on August 9, 1989. The dispositional hearing, conducted on August 21, 1989, was thirty-three days after the jury's verdict but twelve days after the decision upholding the verdict.

Section 48.31(7), Stats., regulates the time for conducting dispositional hearings:

> At the close of the fact-finding hearing, the court shall set a date for the dispositional hearing which allows a reasonable time for the parties to prepare but is no more than 10 days from the fact-finding hearing for a child in secure custody and no more than 30 days from the fact-finding hearing for a child not held in secure custody.

C.M.L. argues that the fact-finding hearing closed with receipt of the jury's verdict. The construction of a statute and its application to a particular set of facts is a question of law. *Minuteman, Inc. v. Alexander,* 147 Wis. 2d 842, 853, 434 N.W.2d 773, 778 (1989). We conclude that the fact-finding hearing was not closed until the court ruled on C.M.L.'s motion to set aside the verdict.

C.M.L. relies upon *In re R.H.,* 147 Wis. 2d 22, 433 N.W.2d 16 (Ct. App. 1988), holding that a dispositional hearing, held thirty-two days following the fact-finding hearing, was void. That decision was subsequently affirmed by the Wisconsin Supreme Court when the six participating justices split three to three whether to affirm or reverse. *In re R.H.,* 150 Wis. 2d 432, 441 N.W.2d 233 (1989).

154

*R.H.* does not relate to the issue raised here. In that case, the state contended that the juvenile, *by her silence,* consented to the scheduling of a dispositional hearing more than thirty days from her no contest plea to a delinquency petition. *Id.* at 38, 433 N.W.2d at 23. The trial record in *R.H.* was also silent as to the reason for the delay, except for the judge's remark: "The parties can contact my secretary to get the date and time of that hearing that is mutually convenient to all parties." *Id.* at 42, 433 N.W.2d at 24 (Dykman, J., dissenting). *R.H.* held that sec. 48.315, Stats., which allows a continuance only on the record and for good cause, was violated. *Id.* at 39, 433 N.W.2d at 23. Section 48.315 is inapplicable to the present circumstances because the circuit court did not exceed the thirty-day limit of sec. 48.31(7).

Section 48.31(1), Stats., states: "In this section, 'fact-finding hearing' means a hearing to determine if the allegations of a petition under s. 48.12 or 48.13(12) are supported beyond a reasonable doubt . . .." The jury's verdict need not end that determination. The trial court's duty to determine whether the verdict is supported by the evidence is as much a part of the fact-finding hearing as are the court's rulings on admission of evidence and other legal determinations arrived at as part of the trial process.

Our conclusion is also consistent with sec. 48.31(2), which provides in part:

> At the conclusion of the hearing, the court or jury shall make a determination of the facts. If the court finds that the child is not within the jurisdiction of the court or the court or jury finds that the facts alleged in the petition or citation have not been proved, the court shall dismiss the petition or citation with prejudice.

155

C.M.L.'s motion was a request to the court to apply this statutory directive, which is found in subsec. (2) of sec. 48.31 entitled "Fact-finding hearing."

*By the Court.*—Order affirmed.