IN the INTEREST OF B.J.N. and H.M.N., Persons Under the Age of 18: GREEN COUNTY DEPART-MENT OF HUMAN SERVICES, Appellant-Petitioner,

v.

H.N., Respondent.

Supreme Court

*No. 89-1357. Submitted on briefs January 25, 1991.—Decided June 7, 1991.*

(Also reported in 469 N.W.2d 845.)

For the appellant-petitioner there were briefs by *Henry J. Plum,* Wauwatosa and *Charmian Klyve-Wood,* Madison, of counsel.

For the respondent there was a brief by *Jack C. Hoag,* Janesville.

HEFFERNAN, CHIEF JUSTICE. This is a review of an unpublished decision of the court of appeals filed February 15, 1990, affirming orders of the circuit court for Green county, John K. Callahan, circuit judge, which dismissed a petition filed by Green County Department of Human Services to extend a dispositional order affecting B.J.N. and H.M.N. We affirm.

Both the circuit court and the court of appeals held that the circuit court lost its competency to exercise jurisdiction because no hearing was held within 30 days of the expiration of the previous one-year extension of dispositional order as provided in sec. 48.365(6), Stats.[1]

[1]Section 48.365, 1987–88 Stats., provides:

**48.365 Extension of orders. (1)** The parent, child, guardian, legal custodian, any person or agency bound by the dispositional order, the district attorney or corporation counsel in the county in which the dispositional order was entered or the court on its own motion, may request an extension of an order under s. 48.355. The request shall be submitted to the court which entered the order. No order under s. 48.355 may be extended except as provided in this section.

**(2)** No order may be extended without a hearing. The court shall notify the child or the child's guardian ad litem or counsel, the child's parent, guardian, legal custodian, all the parties present at the original hearing and the district attorney or corporation counsel in the county in which the dispositional order was entered of the time and place of the hearing.

**(2g)** (a) At the hearing the person or agency primarily responsible for providing services to the child shall file with the court a written report stating to what extent the dispositional order has been meeting the objectives of the plan for the child's rehabilitation or care and treatment.

(b) If the child is placed outside of his or her home, the report shall include both of the following:

1. A copy of the report of the review panel under s. 48.38(5), if any, and a response to the report from the agency primarily responsible for providing services to the child.

2. An evaluation of the child's adjustment to the placement and of any progress the child has made, suggestions for amendment of the permanency plan, a description of efforts to return the child to his or her home, including efforts of the parents to remedy factors which contributed to the child's placement and, if continued placement outside of the child's home is recommended, an explanation of why returning the child to his or her home is not feasible.

(c) In cases where the child has not been placed outside the home, the report shall contain a description of efforts that have been made by all parties concerned toward meeting the objectives of treatment, care or rehabilitation, an explanation of why these efforts have

639

Both courts ruled that the 30-day period could not be extended by any "continuance" under sec. 48.315[2] and

not yet succeeded in meeting the objective, and anticipated future planning for the child.

(2m) (a) Any party may present evidence relevant to the issue of extension. The judge shall make findings of fact and conclusions of law based on the evidence, including a finding as to whether reasonable efforts were made by the agency primarily responsible for providing services to the child to make it possible for the child to return to his or her home. An order shall be issued under s. 48.355.

(b) If a child has been placed outside the home under s. 48.345 and an extension is ordered under this subsection, the judge shall state in the record the reason for the extension.

(3) The appearance of any child may be waived by consent of the child, counsel or guardian ad litem.

(4) The judge shall determine which dispositions are to be considered for extensions.

(5) All orders shall be for a specified length of time not to exceed one year.

(6) If a request to extend a dispositional order is made prior to the termination of the order, but the court is unable to conduct a hearing on the request prior to the termination date, the court may extend the order for a period of not more than 30 days.

(7) Nothing in this section may be construed to allow any changes in placement or revocation of aftercare. Revocation and other changes in placement may take place only under s. 48.357.

[2]Section 48.315, 1987–88 Stats., provides:

48.315 Delays, continuances and extensions. (1) The following time periods shall be excluded in computing time requirements within this chapter:

(a) Any period of delay resulting from other legal actions concerning the child, including an examination under s. 48.295 or a hearing related to the child's mental condition, prehearing motions, waiver motions and hearings on other matters.

(b) Any period of delay resulting from a continuance granted at the request of or with the consent of the child and counsel.

(c) Any period of delay caused by the disqualification of a judge.

(d) Any period of delay resulting from a continuance granted at the request of the representative of the public under s. 48.09 if the continuance is granted because of the unavailability of evidence

that H.N., one of the parties contesting Green county's extension petition, did not waive her right to object to the circuit court's lack of competency.

We agree with the courts below that a circuit court loses its competence to exercise jurisdiction when a hearing is not held within the maximum 30-day extension period allowable under sec. 48.365(6). We hold that sec. 48.315 cannot be used to enlarge this 30-day extension period. We also hold that a circuit court's loss of competency in such a situation cannot be waived by the parties and, accordingly, we affirm the decision of the court of appeals affirming the circuit court's dismissal of the extension petition.

The material facts of this case are basically undisputed. On January 10, 1983, B.J.N. and H.M.N., together with other children of H.N., were found by a Green county circuit court, pursuant to sec. 48.13(10), to be in need of protection and services due to neglect, and dispositional orders were entered. While several of

material to the case when he or she has exercised due diligence to obtain the evidence and there are reasonable grounds to believe that the evidence will be available at the later date, or to allow him or her additional time to prepare the case and additional time is justified because of the exceptional circumstances of the case.

(e) Any period of delay resulting from the imposition of a consent decree.

(f) Any period of delay resulting from the absence or unavailability of the child.

(g) A reasonable period of delay when the child is joined in a hearing with another child as to whom the time for a hearing has not expired under this section if there is good cause for not hearing the cases separately.

(2) A continuance shall be granted by the court only upon a showing of good cause in open court or during a telephone conference under s. 807.13 on the record and only for so long as is necessary, taking into account the request or consent of the district attorney or the parties and the interest of the public in the prompt disposition of cases.

H.N.'s children have since been returned home, the dispositional order affecting B.J.N. and H.M.N. has been extended annually, with the last extension order scheduled to expire on February 1, 1989.[3]

On January 18, 1989, Green county's corporation counsel petitioned the Rock county circuit court for another extension of the dispositional order, believing that it would not be in the children's best interest to return home. At a January 30, 1989, hearing, counsel for the mother H.N. and child B.J.N. contested the petition. A 30-day extension of the dispositional order was granted pursuant to sec. 48.365(6), Stats. (extending the order to March 1), and a hearing was scheduled for February 15, 1989.

Although the exact time cannot be determined from the record, at some point prior to February 15, H.N.'s attorney contacted Rock county's calendar clerk and requested that the hearing be rescheduled because he had a three-day jury trial beginning on that date. No new specific date was requested by H.N.'s attorney. A few days prior to February 15, counsel for Green county and the guardian ad litem representing the children received phone messages that the hearing had been rescheduled to March 21, 1989. Written notices of the change were sent out on February 16, 1989, and again on February 20, 1989. Thereafter the hearing was again rescheduled, and written notice of the new March 14, 1989, hearing date was sent out on February 27, 1989.

Counsel for the interested parties appeared at the March 14 hearing before the Rock county circuit court.[4] In response to the court's own observation that no one

---

[3]The yearly extensions were entered on February 17, 1984; February 8, 1985; February 18, 1986; February 3, 1987; and February 1, 1988.

[4]Present were: H.N.'s counsel; B.J.N.'s adversary counsel;

had voiced any objection to the hearing date being moved beyond the 30-day extension, H.N.'s attorney stated that, when he agreed to continue the case, he was "not aware of recent decisions." The court immediately thereafter noted sua sponte that venue properly belongs in Green county pursuant to sec. 48.185, Stats. Counsel for all parties agreed that the case should be transferred there, and the Rock county circuit court went on record as prepared to proceed with the extension hearing. An order transferring venue to Green county was then filed on April 13, 1989.

On April 26, 1989, H.N. filed a motion to dismiss the petition in the Green county circuit court on grounds that the court had lost its jurisdiction due to the lapse of the 30-day extension. On that same date, counsel for Green county filed new CHIPS (children in need of protection or services) petitions concerning B.J.N. and H.M.N. alleging the court's jurisdiction under sec. 48.13(10). A court hearing was scheduled for May 12, 1989, but moved back to May 10, 1989, due to a new conflict with H.N.'s attorney's schedule.

On May 10, the Green county circuit court, Judge John K. Callahan, granted H.N.'s motion to dismiss. Relying on *In Interest of L.M.C.*, 146 Wis. 2d 377, 430 N.W.2d 352 (Ct. App. 1988) (review denied), the circuit court held that a dispositional order cannot be extended beyond the 30-day extension provided in sec. 48.365(6), Stats., even by reason of a continuance. According to the circuit court, the delays or continuances allowable under sec. 48.315 were only applicable to extend a plea, fact-finding, or dispositional hearing, but not an extension of a dispositional hearing beyond the maximum of 30 days. The court also ruled that, because the matter was before

the guardian ad litem representing B.J.N. and H.M.N.; and counsel for Green county.

it for the first time, it could not acquiesce in the fact that H.N.'s attorney waived the time limits before the Rock county circuit court.[5]

Counsel for Green county then moved the court at the May 10 hearing to stay enforcement of the dismissal pending appeal. The parties agreed to continue the hearing on May 23, 1989. On that date the court ruled that, pursuant to its inherent powers, it would stay enforcement of the dismissal.[6] On June 28, 1989, the circuit court denied Green county's motion to amend the conclusions of law and findings of fact entered on June 5, 1989, regarding the dismissal of the extension petition. Green county appealed these orders.

The circuit court's orders dismissing the extension petition were affirmed by the court of appeals. The court of appeals noted that, under sec. 48.365(1), Stats., a dispositional order could only be extended as provided in that section and that, under sec. 48.365(6), an order could be temporarily extended for no more than 30 days. Relying further on this court's decision in *In Interest of S.D.R.*, 109 Wis. 2d 567, 577, 326 N.W.2d 762 (1982), wherein we stated that "under no circumstances may the dispositional order be temporarily extended for more than 30 days," the court of appeals concluded that an extension hearing could not be held beyond the 30-day period even by reason of a continuance.

---

[5]After dismissing the extension petition, however, the court immediately proceeded with a hearing on Green county's new CHIPS petitions. H.N. contested these as well and requested a jury trial. These new petitions are not at issue.

[6]The court in issuing an order to preserve the existing state of affairs concluded that B.J.N. and H.M.N. would suffer irreparable harm if they were returned home during the pendency of the appeal. The propriety of the court's stay is also not at issue.

The court of appeals also rejected Green county's contention that H.N. waived her right to object to the extension beyond the 30-day period. The court of appeals ruled that H.N.'s request for a continuance of the February 15, 1989, hearing was not a waiver, because the rescheduled hearing date was not chosen by H.N. but rather by the court. The court of appeals also held that H.N. did not waive her right to object to the circuit court's lack of competency at the March 14, 1989, hearing, because H.N. stated on the record that recent case law indicated a problem with extensions beyond a 30-day period.[7]

Whether a continuance pursuant to sec. 48.315, Stats., can apply to a 30-day-extension period granted under sec. 48.365(6) is an issue of statutory interpretation. We need not defer to the determinations of the courts below on such questions of law. *See Richards v. Young,* 150 Wis. 2d 549, 555, 441 N.W.2d 742 (1989).

The legislative history of ch. 48, The Children's Code, has previously been discussed in great detail and will not be repeated here. *See In Interest of R.H.,* 147 Wis. 2d 22, 433 N.W.2d 16 (Ct. App. 1988), *aff'd per curiam by an equally divided court,* 150 Wis. 2d 432, 441 N.W.2d 233 (1989). We do point out, however, some of the more important revisions of ch. 48 made in the 1970's in order to implement major United States Supreme Court decisions and assure the constitutional rights of children.

Chapter 48 is considered a carefully drawn legislative enactment which circumscribes judicial and admin-

[7]The court of appeals in this case also ruled that a continuance was not properly effectuated under sec. 48.315. Because we hold that sec. 48.315 cannot be used to extend the maximum 30-day period under sec. 48.365(6), we need not address this ruling.

istrative action in juvenile matters. *See State ex rel. Harris v. Larson,* 64 Wis. 2d 521, 527, 219 N.W.2d 335 (1974). Prior to the 1977 code revisions, however, a child was basically subject, at the court's discretion, to the original dispositional order until his or her eighteenth birthday. For children adjudged neglected or dependent, the court could set its orders for any specified length of time and the orders were renewable prior to their expiration. *See* sec. 48.35(2), Stats. 1975. In general, there were "no statutorily authorized time limits for the processing of cases in the juvenile court," the lack of which often resulted in an abuse of detention. *See* Wisconsin Council on Criminal Justice, *Juvenile Justice Standards and Goals* 81 (Dec. 1975).

In 1977 the legislature substantially revised ch. 48. *See* ch. 354, Laws of 1977. Numerous time limitations were established for the protection of a child's due process rights. Of central importance to this case, courts thereafter were only empowered to issue dispositional orders for one-year periods and a formal hearing had to be held before an order could be extended for another year. *See* secs. 48.355, 48.365, Stats. 1977. *See also S.D.R.,* 109 Wis. 2d at 574.

Initially, pursuant to sec. 48.365(3), Stats. 1977, a dispositional order could be temporarily extended for "not more than 30 days if there [was] a showing of good cause as to why the matter was not brought before the court before the expiration date of the dispositional order."[8] That provision was deleted in 1979, however, and sec. 48.365(6) was created and allows a maximum 30-day extension only if the request to extend the dispo-

---

[8]This statutory language suggested that a court would not lose its competence or jurisdiction once the dispositional order expired, as long as good cause for failure to timely renew was demonstrated.

sitional order "is made prior to the termination of the order, but the court is unable to conduct a hearing on the request prior to the termination date." *See* sec. 72, ch. 300, Laws of 1979.[9]

In the case before us, the parties do not dispute that the dispositional orders affecting B.J.N. and H.M.N. were properly extended for 30 days pursuant to sec. 48.365(6), Stats. Green county seems to agree, moreover, that a hearing must generally take place within the 30-day extension period. It argues, however, that H.N. was properly granted a continuance pursuant to sec. 48.315 and that such continuance essentially tolled the running of the 30-day time period. To support its argument, Green county refers to this court's recent decision in *In Interest of G.H.*, 150 Wis. 2d 407, 418, 441 N.W.2d 227 (1989), wherein we concluded that "the general requirements of sec. 48.315(2), Stats., control all extensions of time deadlines under the Children's Code."

According to Green county, the plain language of sec. 48.315(1), Stats., is also said to demonstrate clearly and unambiguously that continuances are applicable to the 30-day extension as they are to "be excluded in computing time requirements within [ch. 48]." Green county asserts that it would be illogical to apply sec. 48.315 to *pre*-dispositional proceedings[10] but not *post*-dispositional proceedings. It argues that prior case law has

---

[9]In contrast to the 1977 statute, therefore, the 1979 revision did not countenance any "gap" between the dispositional order's termination date and the date on which a request is made for the extension of the order. A 30-day extension must now be requested prior to the order's expiration.

[10]*See G.H.*, 150 Wis. 2d at 416–17 (continuance tolls 30-day deadline for holding a dispositional hearing after completion of fact-finding under sec. 48.31(7)); *In Matter of J.R.*, 152 Wis. 2d 598, 605, 449 N.W.2d 52 (Ct. App. 1989) (continuance tolls 30-

encouraged construing ch. 48 to create uniformity of results[11] and that flexibility must be preserved so as to serve the best interests of the child—the "paramount consideration" in ch. 48 cases. *See* sec. 48.01(2). Finally, Green county notes that this court in *In Interest of W.P.*, 153 Wis. 2d 50, 57, 449 N.W.2d 615 (1990), held that a judicial stay of a 30-day extension under sec. 48.365(6) properly tolls the running of that time period and asserts that a continuance under sec. 48.315 ought to have the same effect.

Although the arguments set forth by Green county are not without merit, we are not persuaded that sec. 48.315, Stats., can be used to expand the duration of a 30-day extension of a dispositional order pursuant to sec. 48.365(6). This court has previously discussed the legislative purposes in establishing the 30-day extension in ch. 48 delinquency cases. *See W.P.*, 153 Wis. 2d at 56-7; *S.D.R.*, 109 Wis. 2d at 575-77. We believe the policy considerations for allowing this extra period of time to hold a hearing are virtually the same in CHIPS proceedings.

On the one hand it is in the child's interest to have the entire dispositional period to examine both the child's and parents' progress to determine at the hearing whether the child can be returned home. On the other hand the child has a constitutional liberty interest to be subject only to a dispositional order if one is needed, and consequently an extension hearing should be held prior to the order's expiration. The legislature balanced these competing interests by providing for a limited 30-day

---

day deadline for holding fact-finding hearing from plea hearing under sec. 48.30(7)).

[11]*See R.H.*, 147 Wis. 2d at 35 (30-day time limits are mandatory in both CHIPS and delinquency matters).

extension to be granted without proof that continued placement was any longer necessary.

While we recognize that it may or may not be in a child's best interests to return home at the expiration of a dispositional order, the child clearly has a due process right to have his or her "best interests" redetermined by a fixed date. That date is at most 13 months from the entry of the dispositional order. It has previously been noted that "[c]hildren often view foster-home placement as a punishment for something they have done" and that "[r]emoving a child from his family may cause serious psychological damage—damage more serious than the harm intervention is supposed to prevent." *See R.H.,* 147 Wis. 2d at 37. A potentially damaging "punishment" period cannot be extended by a continuance of any duration prior to a hearing establishing that it is indeed in the child's best interest to extend the dispositional order.

A plain reading of the statutes, moreover, supports the view that sec. 48.315, Stats., is not applicable to sec. 48.365, as contended by Green county. The court of appeals was recently faced with the same issue. In *L.M.C.,* also a CHIPS case, a hearing was commenced prior to the expiration of the 30-day extension to the dispositional order; but, due to the court's calendar, was moved without objection to a date outside the 30-day period. 146 Wis. 2d at 384. The child's guardian ad litem contended that a continuance pursuant to sec. 48.315(1)(b) was effectuated, which obviated the need to complete the hearing within the 30-day period. *Id.* at 388–89. The court of appeals rejected that argument, stating that it would not "allow the general language of sec. 48.315(1)(b), Stats., relating to delays, to override the specific language concerning extensions set forth in

secs. 48.355(4) and 48.365(6), absent an indication that this was the legislature's intent." *Id.* at 389.

We agree with the court of appeals' reasoning in *L.M.C.* In this case, Green county sought to extend a dispositional order entered under sec. 48.355, Stats. Section 48.365(1) expressly states that "[n]o order may be extended *except as provided in this section*" (emphasis supplied). Section 48.365(2), in turn, states that "[n]o order may be extended without a hearing." Section 48.365(6) provides that "the court may extend the order for a period of *not more than 30 days*" (emphasis supplied) when a hearing is not held prior to the expiration of the order.

If the circuit court were allowed to conduct a hearing after the 30-day extension had expired on March 1, 1989, the dispositional order would have to be "extended" until the new hearing date, something the statutes do not permit. Once the maximum one-year dispositional order and 30-day extension period expire, the order has no effect and cannot be revived or extended by a subsequent hearing.[12] Furthermore, to somehow "toll" the running of the 30-day extension by allowing a continuance under sec. 48.315, Stats., would necessitate looking outside the provisions of sec. 48.365. We consider sec. 48.365 to be a specific statute which controls over the general sec. 48.315.

Even if we were not bound by sec. 48.365, Stats., a plain reading of sec. 48.315 and an examination of the legislative intent behind it convince us that these tolling

---

[12]We note that in the case before us, Judge Callahan was willing to entertain a new CHIPS petition concerning B.J.N. and H.M.N. which enabled H.N. to request a jury trial. In extension hearings under sec. 48.365(2m), on the other hand, the judge makes both conclusions of law and findings of fact.

provisions were not intended to apply to extensions of dispositional orders. Section 48.315(1) sets forth that certain enumerated periods of delay or continuance "shall be excluded in computing *time requirements* within this chapter" (emphasis supplied). In a like manner, this court recently held in *G.H.* that "the general requirements of sec. 48.315(2), Stats., control all extensions of *time deadlines* under the Children's Code" (emphasis supplied). 150 Wis. 2d at 418.

The length of time a dispositional order can remain in effect, however, is not really a "requirement" or "deadline" by which time something must be done to proceed to the next step. Although the legislature requires a hearing prior to an order's expiration as a prerequisite to extend that order, a 30-day extension under sec. 48.365(6), Stats., merely represents the length of time an order stays in effect. It is unreasonable to say that a detention order of a specific duration, once issued, can be "tolled" by the circumstances of a particular circuit court calendar.

The statutes fixing the maximum duration of dispositional orders can be contrasted with those ch. 48 provisions establishing true time requirements or deadlines at the pre-dispositional stage.[13] Section 48.30(7), for example, expressly requires the court to set a fact-finding date within 30 days of the plea hearing. Section 48.31(7), on the other hand, expressly requires the court to set a dispositional hearing date within 30 days of the fact-finding hearing. By contrast, sec. 48.365(6) does not require the court to set a hearing date within 30 days of the expiration of the order.

---

[13]It should be noted that other ch. 48 provisions regulating *post*-dispositional matters, such as a child's change in placement or a revision of dispositional orders, do not extend the expiration date of the original order. *See* secs. 48.357(6); 48.363.

While we agree that ch. 48, Stats., should be interpreted, whenever possible, to produce uniformity of results, we will not ignore the plain language of the statutes or discern a legislative intent that is not evident. It has been recognized elsewhere that the general objectives of the Special Study Committee on Criminal Justice Standards and Goals, Wisconsin Council on Criminal Justice (WCCJ) as set forth in its publication *Juvenile Justice Standards and Goals* (Dec. 1975), were considered by the legislature in substantially revising the Children's Code in 1977. *See R.H.,* 147 Wis. 2d at 28. We note that the WCCJ's discussion of the need for time limits was solely focused on the "adjudication process prior to trial." It advocated the dismissal of petitions with prejudice for failing to meet pre-dispositional deadlines unless good cause was shown. *See Juvenile Justice Standards and Goals* at pp. 80–1. While it is not conclusive of the intended scope of sec. 48.315, the absence of any discussion of time limits and good cause exceptions at the dispositional stage suggests different standards were intended for pre- and post-dispositional proceedings.

We recognize the need for flexibility and for viewing the entire juvenile process as a continuum. We believe the legislature addressed the problem of unforeseen circumstances and delays at the post-dispositional stage by providing for this very 30-day extension to dispositional orders. In *S.D.R.* this court recommended "parties seeking to extend a juvenile disposition file such petitions, when possible, at a time which enables the court to conduct the plenary hearing prior to the termination of the order." 109 Wis. 2d at 577. Green county's filing of the extension petition on January 18, 1989, some 13 days prior to the disposition order's expiration, substantially

foreclosed the possibility of holding a hearing prior to the termination date.

■

No one denies that the February 15 hearing date was properly set and that it was H.N.'s attorney, and not Green county's, who sought to reschedule the hearing due to a scheduling conflict. Calendar problems are foreseeable, however, and it is for this reason a substantial 30-day grace period was established. While the purpose of the extension hearing, once properly initiated, is to determine the best interests of the child, it is the petitioning, and not the objecting, party which has the primary obligation to move the case along in a timely fashion to get to that hearing.

In any event, there is no evidence in the record explaining why Green county was unable to file early enough so as to enable the court to hear the matter prior to the order's February 1 termination date. Similarly, Green county offers no reason for its failure to alert the circuit court of the necessity of holding a hearing prior to the expiration of the 30-day extension. Green county received word of the new March 21 hearing date over two weeks prior to the March 1 termination date.[14] We also note that there is no suggestion that H.N.'s attorney purposely sought to delay the hearing in order to seek dismissal.

We do not consider this court's recent decision in *W.P.* to be at odds with the decision we reach here. *W.P.* merely recognized the court of appeals' statutory power to stay a circuit court order granting a 30-day extension. In doing so, we distinguished a valid judicial stay from an extension which, under sec. 48.365(6), Stats., could

---

[14]Counsel for Green county received a phone message of the new date a few days prior to February 15, and written confirmations were sent out on February 16 and again on February 20.

only be granted for a single 30-day period. 153 Wis. 2d at 57. Green county does not contend that the Rock county circuit court's rescheduling of the February 15 hearing constitutes a judicial stay. Green county's argument that a continuance operates as a stay is irrelevant, because sec. 48.315 has no application to 30-day extensions under sec. 48.365(6).

We conclude, therefore, that, once the 30-day extension elapsed, the dispositional order affecting B.J.N. and H.M.N. expired and the circuit court was no longer competent[15] to consider Green county's extension petition.

We now address Green county's assertion that H.N. waived her ability to object to the circuit court's loss of competency. Whether or not H.N. was able to waive her

---

[15]Recent decisions from the court of appeals have consistently held or implied that a circuit court loses its "competency to exercise jurisdiction" when ch. 48's pre-dispositional time requirements are not met. *See In Interest of C.M.L.,* 157 Wis. 2d 152, 153, 458 N.W.2d 573 (Ct. App. 1990); *J.R.,* 152 Wis. 2d at 603; *In Interest of C.A.K.,* 147 Wis. 2d 713, 718–19, 433 N.W.2d 298 (Ct. App. 1988); *R.H.,* 147 Wis. 2d at 24. More importantly, in two recent CHIPS cases where there was a failure to timely complete an extension hearing at the post-dispositional stage, the court of appeals directly stated or implied that the issue is one of "competency" and not "subject matter jurisdiction." *See In Interest of G.L.K.,* 153 Wis. 2d 245, 247–48, 450 N.W.2d 498 (Ct. App. 1989); *L.M.C.,* 146 Wis. 2d at 390–96.

Consistent with our prior holdings, we believe this case also involves a loss of competency and not subject matter jurisdiction. *See, e.g., Jansen Co. v. Milwaukee Area Dist. Board,* 105 Wis. 2d 1, 10–11, 312 N.W.2d 813 (1981). As will shortly be explained, however, this does not mean that dissimilar consequences (*e.g.,* ability to waive error) necessarily attach to these two separate classifications.

right to contest the circuit court's loss of competency for failure to hold a hearing within the 30-day extension under sec. 48.365(6), Stats., is a question of law. The courts below essentially held that H.N., as a matter of fact, did not waive her right. While perhaps it could be determined on the face of the record whether H.N. properly preserved the competency question at the March 14 hearing, we consider this factual issue irrelevant, for we hold that the trial court's loss of competency in this case could not be waived by any of the parties.

The ability of litigants to waive a court's loss of competency in ch. 48 post-dispositional proceedings by failing to timely object is an issue which has not been directly addressed by this court. In usual civil proceedings, it has long been the rule that parties may waive or consent to a court's lack of personal jurisdiction, but not to its lack of subject matter jurisdiction.[16] The problem, however, is that errors which historically have been considered as affecting a court's subject matter jurisdiction (*see, e.g., State v. Rosen,* 72 Wis. 2d 200, 208, 240 N.W.2d 168 (1976) (failure to comply with statutory time provisions)) should probably be classified as affecting only its competency to exercise jurisdiction. *See Richards v. Young,* 150 Wis. 2d at 550 (failure to serve within statutory 60-day period affects competency to proceed).

We have recognized that "[n]o circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever." *Mueller v. Brunn,* 105 Wis. 2d 171, 176, 313 N.W.2d 790 (1982). In Wisconsin, a circuit

---

[16]*See Damp v. Town of Dane,* 29 Wis. 419, 432 (1872). This long-standing rule has been codified in sec. 802.06(8), Stats. *See* Clausen and Lowe, *The New Wisconsin Rules of Civil Procedure: Chapters 801–803,* 59 Marq. L. Rev. 1, 52 (1976).

court's jurisdiction is conferred by our state constitution and not by acts of the legislature. *In Matter of Guardianship of Eberhardy,* 102 Wis. 2d 539, 550, 307 N.W.2d 881 (1981). It logically follows from these principles that the failure to comply with any statutory mandate, such as the time a certain procedure must take place, in no way negates a circuit court's ability to adjudicate the kind of controversy before it; rather, it only prevents it from adjudicating the specific case before it. For lack of a better word, we have chosen to label this loss of the court's lesser power, where it does not involve errors affecting personal jurisdiction, as a loss of competence.[17]

The critical focus in this case, however, is not on our use of the expression, "loss of competence," but rather on whether H.N. could waive an objection to the court's loss of power once the 30-day extension had expired without a hearing. No clear waiver rule has been developed in cases involving a court's loss of compe-

---

[17]We recognize that the terms, "competence" and "jurisdiction," have been inconsistently used and defined by courts and commentators across the country. *See Shopper Advertiser v. Department of Revenue,* 117 Wis. 2d 223, 236, 344 N.W.2d 115 (1984) (J. Abrahamson, concurring in part and dissenting in part). The Restatement (Second) of Conflicts (1971), which approaches the matter in an interstate and international sense, uses "competence" to refer to the powers given to courts by the state (*i.e.,* Wisconsin) as a political unit. *See id.,* vol. 1, at pp. 101–02. Because a state acts through both its constitution and statutes, competence in this sense would include both personal and subject matter jurisdiction. The errors which we label as affecting a court's competence are apparently identified by the Restatement under the separate category of "requirements . . . necessary for the valid exercise of power by the court." *See id.,* sec. 92(d), at 273, and comment j, at 275.

tence.[18] Whether labeling the error as one affecting a circuit court's subject matter jurisdiction or not, however, we have consistently ruled that a court's loss of power due to the failure to act within statutory time periods cannot be stipulated to nor waived.[19]

We noted above that ch. 48, Stats., now contains numerous time requirements to which a circuit court must adhere during the predispositional stage. A failure to observe these mandatory provisions will cause a court to lose its competence to proceed and require the dismissal of a CHIPS or delinquency petition. *See, e.g., C.A.K.,* 147 Wis. 2d at 718–19. It has been stated elsewhere that "[t]here is no provision under the Children's Code for the waiver of time limits" and that "[t]he only provision for delays, continuances, or extensions are those set forth in sec. 48.315."[20] We also note that the legislature has expressly allowed the parties to waive a custody

---

[18]Compare *Sipl v. Sentry Indemnity Co.,* 146 Wis. 2d 459, 463, 431 N.W.2d 685 (Ct. App. 1988) (parties by agreement could not confer jurisdiction on court to grant declaratory relief pursuant to sec. 806.04), with *Wall v. Department of Revenue,* 157 Wis. 2d 1, 6–7, 458 N.W.2d 814 (Ct. App. 1990) (failure to timely object to court's loss of competence due to improper service constitutes waiver of objection).

[19]*See Rosen,* 72 Wis. 2d at 209 (right to object to loss of jurisdiction for failure to hold hearing within 60-day statutory period cannot be waived); *Beck v. Wallmow,* 226 Wis. 652, 657, 277 N.W. 705 (1938) (parties cannot stipulate to extension of 60-day statutory limit for court to decide motions after verdict and court loses power to grant motion once this time period expires). *See also Bialk v. City of Oak Creek,* 98 Wis. 2d 469, 473, 297 N.W.2d 43 (Ct. App. 1980) (failure to commence appeal within 90-day statutory period results in loss of jurisdiction which cannot be consented to or waived).

[20]*See* J. Alschuler, S. Bach, R. Froemming, T. Glowacki, D. Greenly, and J.S. Newton, *ATS-CLE: The Guardian ad Litem*

657

hearing at the earliest stages of a CHIPS proceeding although the child's agreement in writing is necessary if he or she is over the age of 12. *See* sec. 48.21(3)(a), Stats. *See also G.H.,* 150 Wis. 2d at 413–15.

We conclude that the continuance provisions of sec. 48.315, Stats., cannot be used to enlarge the 30-day extension period allowable under sec. 48.365(6). The legislature requires that a hearing take place before a dispositional order can be extended, and no statutory waiver provisions have been established for the post-dispositional stage. In light of the foregoing factors and established legal principles, we hold that a party cannot waive the right to object to a court's loss of competence once the 30-day extension has passed without a hearing. A dispositional order has no validity once the time period has elapsed. An objecting party's failure to expressly raise the loss of competence at the earliest available moment cannot revive an order which has expired and no longer carries any force of law.

In the case before us, H.N. on April 26, 1989, moved the circuit court to dismiss Green county's extension petition before any hearing was held to re-determine the best interests of H.M.N. and B.J.N. The 30-day extension had expired on March 1, 1989, and the dispositional order was no longer in effect. Any action H.N. may have taken at the March 14 hearing in Rock county could not revive the dispositional order. We are not faced with a situation where a new extension order has been issued by the circuit court after a full and fair hearing and where the objecting party is attacking the order as void.[21] H.N.

*Handbook,* sec. 4.18, pp. 4–17, State Bar of Wisconsin (1990), also previously quoted in *R.H.,* 147 Wis. 2d at 39.

[21]*See G.L.K.,* 153 Wis. 2d at 247–48; *L.M.C.,* 146 Wis. 2d at 396. *Cf. In Matter of Mental Condition of G.O.T.,* 151 Wis. 2d

as a matter of law could not waive her right to object to the circuit court's loss of competence.

*By the Court.*—Decision affirmed.

629, 445 N.W.2d 697 (Ct. App. 1989) (extension of mental commitment).