PER CURIAM.
¶1 Michael and Sandra Lampe appeal an order denying their motion to vacate a deficiency judgment against them pursuant to WIS. STAT. § 806.07 (2017-18).[1] For the reasons that follow, we affirm.
¶2 The Lampes are real estate developers. To develop real estate in Walworth County, they created, and were the sole members of, Foxwood at Geneva National, LLC. Foxwood purchased several parcels of real estate, some of which were subject to mortgages. The Lampes signed personal guarantees for the outstanding mortgages owed.
¶3 Following a downturn in the real estate market, Foxwood defaulted on its loan obligations. Talmer Bank, which had acquired the loans, initiated a foreclosure action in December 2011. Through shared counsel, Foxwood and the Lampes answered the complaint. Foxwood admitted that it was in default, and the Lampes admitted that the personal guarantees made them liable for any deficiency judgment.
¶4 After the answer, Foxwood never participated in the case again, and the Lampes did not participate for six-and-one-half years. In September 2012, the circuit court granted a foreclosure judgment and identified the total amount due as nearly $6 million. It ordered the parcels sold at sheriff's sales and held that, if the sales proceeds were insufficient to satisfy the judgment in full, Talmer Bank could obtain a deficiency judgment against the Lampes.
¶5 Two developed parcels were sold at sheriff's sales and confirmed by the circuit court in November 2013. The remaining undeveloped parcels were sold at a sheriff's sale and confirmed by the court in February 2016. The court amended the foreclosure judgment to reflect the total amount due, after applying the proceeds of the sheriff's sales, as $4,428,041.70. It then entered a separate deficiency judgment against the Lampes in that amount.
¶6 Only after Talmer Bank made progress in enforcing the deficiency judgment did the Lampes elect to take action. In May 2018, more than two years after entry of the uncontested deficiency judgment, the Lampes filed a motion for relief pursuant to WIS. STAT. § 806.07. In it, they sought to vacate the deficiency judgment on the ground that the court had failed to properly determine the fair value of the undeveloped parcels beforehand as required by WIS. STAT. § 846.16(2m)(ae).[2]
¶7 Following a hearing on the matter, the circuit court denied the Lampes' motion. The court concluded that the Lampes had waited too long to bring it. The court also concluded that it had properly ruled on the fair value of the undeveloped parcels before confirming the sale and entering the deficiency judgment. This appeal follows.
¶8 WISCONSIN STAT. § 806.07 permits a circuit court, upon a party's motion, to relieve that party from a judgment for any of the following reasons:
(a) Mistake, inadvertence, surprise, or excusable neglect;
(b) Newly-discovered evidence which entitles a party to a new trial under [ WIS. STAT. §] 805.15(3) ;
(c) Fraud, misrepresentation, or other misconduct of an adverse party;
(d) The judgment is void;
(e) The judgment has been satisfied, released or discharged;
(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;
(g) It is no longer equitable that the judgment should have prospective application; or
(h) Any other reasons justifying relief from the operation of the judgment.
Sec. 806.07(1)(a)-(h).
¶9 The statute requires that such a motion be made "within a reasonable time," WIS. STAT. § 806.07(2), though this condition does not apply to a motion to vacate a void judgment under § 806.07(1)(d). See Neylan v. Vorwald , 124 Wis. 2d 85, 97, 368 N.W.2d 648 (1985) ("A void judgment may be expunged by a court at any time.").
¶10 Whether to grant relief under WIS. STAT. § 806.07 is subject to the circuit court's discretion. See Sukala v. Heritage Mut. Ins. Co. , 2005 WI 83, ¶8, 282 Wis. 2d 46, 698 N.W.2d 610. We will not reverse a discretionary determination if the record shows that discretion was in fact exercised and we can perceive a reasonable basis for the decision. Id.
¶11 On appeal, the Lampes contend that the circuit court erred in denying their motion to vacate the deficiency judgment. They renew their argument that the court failed to properly determine the fair value of the undeveloped parcels beforehand. They seek relief pursuant to WIS. STAT. § 806.07(1)(d), (g), or (h).
¶12 We are not persuaded that the circuit court erroneously exercised its discretion in denying the Lampes' motion to vacate the deficiency judgment. Under the facts of this case-in which the Lampes admitted liability, chose not to participate in proceedings for six-and-one-half years, and waited more than two years to complain about the deficiency judgment-the court could reasonably conclude that the Lampes' motion was untimely under WIS. STAT. § 806.07(2). This precludes relief under § 806.07(1)(g) or (h).
¶13 Although an unreasonable delay would not prevent the Lampes from seeking relief under WIS. STAT. § 806.07(1)(d), we are not convinced that the deficiency judgment was void. Here, the circuit court ruled on the fair value of the undeveloped parcels before confirming the sale and entering the deficiency judgment. Its decision was based upon the record, which included an appraiser's presale valuation, an affidavit concerning the fair value of the property, and tax bills. This was sufficient to satisfy the requirements of WIS. STAT. § 846.16(2m)(ae).[3]
¶14 Finally, Talmer Bank moves the court to deem the Lampes' appeal frivolous and award it attorney fees and costs under WIS. STAT. RULE 809.25(3). We are not persuaded that the appeal was frivolous. Therefore, the motion is denied.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version.

Wisconsin Stat. § 846.16(2m)(ae) provides:
If mortgaged premises sell for less than the amount due and to become due on the mortgage debt and costs of sales, there is no presumption that the mortgaged premises sold for their fair value, and the court may not confirm the sale or render a judgment for deficiency until the court is satisfied that the fair value of the mortgage premises sold has been credited on the mortgage debt, interest, and costs.

Even if the circuit court needed to do more under Wis. Stat. § 846.16(2m)(ae), the failure to comply with a statute would not, as the Lampes suggest, have deprived the circuit court of jurisdiction to act on the case. See Green Cty. Dep't of Human Services v. H.N. , 162 Wis. 2d 635, 655-56, 469 N.W.2d 845 (1991).