IN the INTEREST OF VICTORIA R., a child under the age of 18:

WAUKESHA COUNTY, Petitioner-Respondent,

v.

DARLENE R., Respondent-Appellant.†

Court of Appeals

*No. 95–1697. Submitted on briefs January 25, 1996.—Decided April 10, 1996.*

(Also reported in 549 N.W.2d 489.)

†Petition to review denied.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Susan E. Alesia*, assistant state public defender.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Margaret M. Zimmer*, assistant corporation counsel.

A brief was submitted by *Janice M. De Witt* of *De Witt Law Offices* of West Bend as advocate counsel for the child.

Before Anderson, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J.   Darlene R., the mother of Victoria R., appeals from a juvenile court dispositional order in a child in need of protection or services proceeding (CHIPS). On appeal, Darlene argues that the trial court lost competency to exercise its jurisdiction because both the factfinding hearing and the dispositional hearing were held outside the statutory time limits without a showing of good cause on the record. We disagree. We affirm the CHIPS dispositional order.

## BACKGROUND

Because the procedural history in this case governs the appeal, we set it out in detail.

On November 18, 1993, Waukesha County filed a petition alleging that Victoria was a child in need of protection or services and that Darlene refused or was

unable for reasons other than poverty to provide the necessary care, food, clothing, medical or dental care or shelter so as to seriously endanger Victoria's physical health pursuant to § 48.13(10), STATS.

On December 7, within the requisite thirty-day deadline, the juvenile court conducted a plea hearing. *See* § 48.30(1), STATS.[1] This hearing was reported by the court reporter. Darlene appeared telephonically without counsel. She advised the court that she intended to obtain counsel. The court entered a denial to the petition on Darlene's behalf and continued the case to December 20 for a pretrial hearing. The court also tolled the applicable time limits until the pretrial.[2]

The December 20 pretrial was not reported by the court reporter. However, the clerk did make minutes of this proceeding. These minutes reveal that Darlene attended and that the County requested the juvenile court to appoint a guardian ad litem for Darlene. The minutes also indicate that the pretrial was continued to January 18, 1994. However, the minutes do not indicate that the statutory time limits were tolled. A further notation at the foot of these minutes indicated that Attorney Laura Lau was appointed as Darlene's guardian ad litem the next day, December 21.[3]

---

[1] Prior to the plea hearing, Juvenile Court Commissioner Linda McKenzie-Georgeson conducted a detention hearing for Victoria. This proceeding does not affect the time limit issues in this case.

[2] When the juvenile court in a reported proceeding, or the clerk in the minutes, addressed the statutory time limits, they variously used the terms "waived," "continued" or "tolled." We construe all of these terms to mean a continuance pursuant to § 48.315(2), STATS.

[3] Following this hearing, the juvenile court conducted an initial proceeding on the CHIPS petition regarding Victoria's

At the continued January 18 pretrial hearing, Darlene did not appear. However, Lau did appear as Darlene's guardian ad litem. This proceeding was not reported by the court reporter, but again the clerk recorded minutes of the proceeding. These minutes reveal that the County would be filing a motion seeking a psychological examination for Darlene. In addition, the minutes reveal that the juvenile court tolled the applicable time limits.

On February 3, the County filed its notice of motion and motion asking the juvenile court to order a psychological examination of Darlene pursuant to § 48.295(1), STATS. The notice of motion scheduled the hearing for February 18.

On the scheduled date, February 18, the juvenile court conducted the hearing on the County's motion. Darlene did not appear, but Lau again appeared as her guardian ad litem. This proceeding was reported by the court reporter. The juvenile court granted the County's motion and tolled the statutory time limits until the psychological examination was completed. However, Darlene never submitted to the examination. The court also continued the matter to April 4 for a continued pretrial hearing.

At the April 4 continued pretrial, Darlene did not appear, but again Lau appeared as her guardian ad litem. This proceeding was not reported by the court reporter, but the clerk again recorded minutes of the proceeding. These minutes indicate that the matter was scheduled for a further pretrial on May 9 and that the juvenile court again tolled the applicable time limits.

---

father. This proceeding does not bear on the time limit issues in this case.

On May 9, the juvenile court conducted the continued pretrial proceeding. As with the prior proceedings, Darlene did not appear, but Lau did. This proceeding was not reported by the court reporter, but again the clerk recorded minutes of the proceedings. These minutes reveal that the court scheduled the matter for factfinding to the court on June 27 and again tolled the applicable time limits.

On June 27, the juvenile court conducted the factfinding proceeding. Darlene appeared as did Lau. The proceeding was reported by the court reporter. Although this proceeding began as a contested matter, eventually Darlene stipulated that the court could enter a CHIPS finding and the court did so. Instead of setting a dispositional hearing date, the parties all agreed that a dispositional pretrial would first be advisable. The court scheduled the pretrial for July 13. The court did not expressly state on the record that the applicable time limits were tolled.

The dispositional pretrial was conducted on July 13. Both Darlene and Lau appeared. This proceeding was not reported by the court reporter, but the clerk did record minutes. These minutes reveal certain recommendations by the Waukesha County Department of Health and Human Services. The minutes also reveal that the matter was continued to August 15 for the dispositional hearing. These minutes do not reveal that the juvenile court tolled the applicable time limits.

Thereafter, the record reveals a letter from the assistant corporation counsel handling the matter stating that she would be out of town on the date of the scheduled hearing. She asked for an adjourned dispositional hearing date, stating that all of the other attorneys had no objection to the request. The juvenile

court clerk responded with a letter dated August 3, which adjourned the dispositional hearing to August 25, and the matter was adjudicated on that date. Darlene appeals.

[1]

Both the factfinding and the dispositional hearings in this case were held beyond the applicable thirty-day time limits set out in §§ 48.30(7) and 48.31(7), STATS., respectively. These time limits may be continued, but "only upon a showing of good cause in open court . . . on the record and only for so long as is necessary." Section 48.315(2), STATS. Darlene contends that the juvenile court failed to comply with this statute. As a result, she contends that the court lost its competency to proceed. Whether the time limits in these statutes were complied with under the undisputed facts of this case presents an issue of statutory interpretation. We review such questions of law independently. *See Green County Dep't of Human Servs. v. H.N.,* 162 Wis. 2d 635, 645, 469 N.W.2d 845, 848 (1991).

The Children's Code, ch. 48, STATS., contains numerous time requirements to which the trial court must adhere during the predispositional stage. *Green County,* 162 Wis. 2d at 657, 469 N.W.2d at 854. The time requirements for holding a factfinding hearing and a dispositional hearing under §§ 48.30(7)[4] and 48.31(7), STATS., respectively, are mandatory. *See T.H.*

---

[4] The time-limit language in subsec. (7) is similar to the language in subsec. (6) of § 48.30, STATS.; therefore, it is also construed as mandatory. *J.R. v. State,* 152 Wis. 2d 598, 603-04, 449 N.W.2d 52, 54 (Ct. App. 1989).

*v. La Crosse County*, 147 Wis. 2d 22, 35-38, 433 N.W.2d 16, 22-23 (Ct. App. 1988), *aff'd,* 150 Wis. 2d 432, 441 N.W.2d 233 (1989). The failure to observe these mandatory provisions causes a court to lose its competence to proceed and requires the dismissal of a CHIPS petition. *See id.; Green County*, 162 Wis. 2d at 657, 469 N.W.2d at 854. The Children's Code contains no provision for the waiver of time limits, and the only provisions for delays, continuances and extensions are set forth in § 48.315, STATS. *Green County*, 162 Wis. 2d at 657, 469 N.W.2d at 854.

Subsection (2) of § 48.315, STATS., specifies the procedure a court must follow when it grants a continuance:

> A continuance shall be granted by the court *only upon a showing of good cause in open court or during a telephone conference* under s. 807.13 *on the record and only for so long as is necessary,* taking into account the request or consent of the district attorney or the parties and the interest of the public in the prompt disposition of cases. [Emphasis added.]

On December 7, the juvenile court conducted the plea hearing within the requisite thirty-day deadline when a child is not in secure custody as required by § 48.30(1), STATS. At this hearing, which was reported by the court reporter, the court entered a denial to the CHIPS petition for Darlene, continued the case to December 20 for a pretrial conference and also tolled the applicable time limits. To this point, Darlene does not challenge the juvenile court's jurisdiction. Darlene contends, however, that the thirty-day time limit for the factfinding hearing commenced running following the December 20 pretrial conference.

As our recital of the facts reveals, the December 20 pretrial proceeding and all of the subsequent continued pretrial proceedings were documented by the clerk's minutes but were not reported by the court reporter. Darlene concludes that because the factfinding hearing was not held until June 27, the time limits had already been expired for more than six months after the pretrial hearing on December 20.

We reject Darlene's threshold argument that the clerk's minutes cannot constitute evidence of an "on the record" proceeding within the meaning of § 48.315(2), STATS. We begin by observing that the statute does not expressly require that the continuance event be reported by a court reporter. Rather, the statute says that the proceeding must be "in open court . . . on the record." *Id.*

The Supreme Court Rules draw a distinction between the "reporting" of a proceeding and the "recording" of a proceeding. Supreme Court Rule 71.01(1) defines "reporting" as "the making of a verbatim record." This rule sets out those proceedings which *must* be reported. These include: (1) all testimony; (2) preliminary examinations; (3) arguments of counsel on motions made during trial; (4) opening and closing arguments upon request of a party or upon order of the court; (5) guilty pleas, sentencing and judgments in certain criminal cases; and (6) other court proceedings as are necessary in the discretion of the trial court to ensure an adequate record. *Id.* None of these specifically includes a proceeding at which the court grants a continuance.

On the other hand, SCR 71.02(2) requires "a recording of all court proceedings." We take particular note that this rule speaks of "recording," not "reporting." This rule defines a "recording" as "the

making of a record comprised of notes or minutes prepared by the clerk or other person directed by the court." SCR 71.02(1). Comparing the two rules, it is obvious that "reporting" and "recording" are two different concepts. Not only are they defined in different terms, but "recording" is mandatory as to all proceedings, whereas "reporting" is not.

Because § 48.315(2), STATS., speaks of a "record" and does not expressly require verbatim reporting of the juvenile court's grant of a continuance, we conclude that a clerk's minutes of such a proceeding satisfy the "on the record" provision of the statute.[5]

Darlene further contends, however, that the clerk's minutes of the December 20 proceeding and thereafter fail to satisfy the "good cause" component of § 48.315(2), STATS. These minutes consistently reveal the juvenile court tolling the applicable time limits as the pretrial hearing was repeatedly continued to a future date.

We conclude that the juvenile court's scheduling of a pretrial reflects good cause for a continuance under § 48.315(2), STATS. A pretrial serves a number of salutary purposes. For instance, a pretrial permits the parties and the court to: (1) explore the prospect of settlement; (2) address discovery-related issues; (3)

---

[5] Despite our holding, we urge the juvenile courts of this state to memorialize juvenile pretrial proceedings by the use of a court reporter. We do not suggest that the pretrial itself must be reported since such a proceeding does not lend itself to the reporting process. But we do suggest that if the pretrial proceeding creates the need for a continuance under § 48.315(2), STATS. , the court place the continuance on the reported record, including the showing of good cause under the statute.

define, and perhaps limit, the issues for trial; and (4) explore stipulations which might expedite the trial. In short, absent settlement, a pretrial readies the case for trial and seeks to assure an organized and "surprise-free" trial. Because these purposes and benefits of a pretrial are universally recognized and self-evident to the bar and bench, we hold that the juvenile court need not specifically recite them as factors supporting "good cause" for a continuance of the statutory time limits under § 48.315(2). A continuance for purposes of the pretrial is itself sufficient.

In this case, the pretrial process consisted of not only the initial pretrial, but a series of continued pretrial proceedings on January 18, April 4 and May 9. Our experience teaches that a pretrial often requires a number of hearings to complete. But this does not change the fact that there was but one collective pretrial in this case which was not completed until the final pretrial on May 9. Thus, under ordinary circumstances, the thirty-day time limit for the factfinding hearing would have begun running on that date.

However, prior to that date, on February 18, the juvenile court had ordered Darlene to undergo a psychological evaluation. Section 48.315(1)(a), STATS., provides:

> The following time periods shall be excluded in computing time requirements within this chapter:
>
> (a) Any period of delay resulting from other legal actions concerning the child, including an examination under s. 48.295 or a hearing related to

the child's mental condition, prehearing motions, waiver motions and hearings on other matters.[6]

Although none of the parties[7] analyzes in detail the exclusion provision of § 48.315(1)(a), we conclude that the court-ordered psychological examination of Darlene qualified under this statute and served to toll the running of the time limits.

In its opening phrase, the statute excludes periods of delay resulting from "other legal actions concerning the child." *Id.* We acknowledge that there is no evidence of any other action concerning Victoria. Thus, the time limits were not tolled under this portion of the statute. However, in the very next phrase, the tolling provision is extended to "an examination under s. 48.295" and various other proceedings related to the pending case. Section 48.295(1), STATS., authorizes the juvenile court to order a psychological examination, inter alia, "of a parent . . . whose ability to care for a child is at issue before the court." *Id.* That, of course, was the very situation in this case. As such, the ordering of the examination tolled the time limits for the further proceedings in this case until the examination was completed and the results reported to the court. *See Shawn B.N. v. State*, 173 Wis. 2d 343, 371-72, 497 N.W.2d 141, 151-52 (Ct. App. 1992).

Our conclusion is not altered by the fact that Darlene never submitted to the examination ordered

---

[6] Since § 48.315(1)(a), STATS., automatically excludes any delay resulting from a psychological examination, the juvenile court's further directive that the statutory time limits were tolled was unnecessary. Nonetheless, we commend the court for its thoroughness.

[7] Besides Waukesha County, advocate counsel for the child is an additional respondent.

by the court. Instead, we conclude that when a time limit has been properly tolled, the party seeking to terminate such tolling is properly charged with the burden to accomplish that end. *Cf. Hartman v. Buerger*, 71 Wis. 2d 393, 397, 238 N.W.2d 505, 507 (1976). Here, Darlene never took any steps to terminate the tolling period and to reinstate the running of the time limits which would otherwise apply.[8] Moreover, this is a not a case in which the psychological examination was ordered and then forgotten. To the contrary, as part of the dispositional order, the juvenile court again directed Darlene to submit to a psychological examination and made such compliance a condition of Victoria's return to Darlene's custody.

*By the Court.*—Order affirmed.

---

[8] While the record does not unequivocally establish that Darlene refused to submit to the examination, it carries a strong inference that such was the case. We say this because at the dispositional hearing, Darlene strongly resisted the department's recommendation that the dispositional order include a provision that Darlene undergo a psychological examination. Despite Darlene's resistance, the juvenile court ordered the evaluation.