NEUBAUER, C.J.[1]
¶1 A.A. appeals from an order extending his involuntary commitment, asserting his original commitment had already expired by the time of the extension, thus depriving the circuit court of competency to make the extension. We conclude A.A.'s original commitment had not expired, having been extended by his demand for a jury trial, and the court therefore retained competency. We affirm.
BACKGROUND
¶2 A.A. is a prison inmate. His original one-year involuntary commitment was to expire on March 28, 2018. One month before, the County applied to extend it, and a hearing was set for March 22. Two days before the hearing, A.A. demanded a jury trial, prompting the court to set a trial for March 27. The trial was rescheduled to April 11 for unknown reasons and then again to April 12 to accommodate the calendar of the testifying doctor. On March 28, the court granted the motion of A.A.'s counsel to withdraw, and new counsel was appointed on April 2.
¶3 At the April 12 trial, A.A.'s counsel pointed out to the court that prior counsel did not inform A.A. that the demand for a jury might push the final hearing past the March 28 expiration date. Counsel did not believe this was grounds for dismissal, but wanted to make a record nonetheless. The County responded that the jury trial was timely because it was taking place within twenty-eight days of its demand, as permitted by statute. Noting the substitution of attorneys for A.A. and construction at the courthouse added to the scheduling difficulties, the court indicated the trial would proceed. After trial and based on the jury's findings, the court extended A.A.'s commitment for one year, including involuntary medication and treatment. A.A. appeals.
DISCUSSION
¶4 A.A. contends that, when his original commitment expired on March 28, the circuit court lost competency to entertain the requested extension. See G.O.T. v. Rock Cty. , 151 Wis. 2d 629, 633, 445 N.W.2d 697 (Ct. App. 1989) (a court generally "must hold the extension hearing before the initial commitment expires" to retain competency). He suggests the March 28 expiration date possibly could have been extended beyond the April 12 trial, allowing the court to retain its competency, but the County never requested such an extension nor did the court order one. We reject the argument.
¶5 Proceedings for the extension of an involuntary commitment are governed by subsecs. (10) through (13) of WIS. STAT. § 51.20. Sec. 51.20(13)(g)3. Whether a circuit court retains competency to address such an extension involves statutory interpretation, which is a question of law we review de novo. Waukesha Cty. v. Darlene R. , 201 Wis. 2d 633, 639, 549 N.W.2d 489 (Ct. App. 1996).
¶6 Contrary to A.A.'s assertion, his commitment had not expired before the extension was ordered. The court had set the final hearing for March 22, six days before A.A.'s original commitment expired. But then A.A., two days before the hearing, demanded a jury trial. Demanding a jury trial is his right, to be sure, see WIS. STAT. § 51.20(11), but it entails scheduling and practical considerations that can effectively lengthen the original commitment term. See G.O.T. , 151 Wis. 2d at 634.
¶7 As relevant here, when an inmate facing commitment demands a jury trial, "the final hearing shall be held within 28 days of the date of demand."[2] WIS. STAT. § 51.20(11)(a). The twenty-eight-day period allowed by the statute "necessarily implies that a commitment is extended to accommodate a demand for a jury trial, as long as the final hearing and jury trial are held" within that time frame. See G.O.T. , 151 Wis. d at 633-35. "Without the implied extension," courts would often be unable to accommodate jury demands, and persons could terminate their commitments "by timing a jury demand," which would be an absurd and disfavored construction of the statute. Id. at 634. Because the April 12 jury trial took place within twenty-eight days of A.A.'s March 20 jury demand, his original commitment had not expired and the court retained its competency.
¶8 A.A. attempts to distinguish G.O.T. , pointing out that the circuit court in that case explicitly extended the original commitment, whereas the circuit court here did not. The distinction is not pertinent. G.O.T. did not rely on the extension being explicitly made; to the contrary, it reasoned a jury demand necessarily "implies" that the commitment is extended, and the "implied extension" permits the accommodation of a jury trial. Id.
¶9 Somewhat vaguely, A.A. suggests the court's competency was affected by the multiple reschedulings of the jury trial. The trial was rescheduled from March 27 to April 11 and then to April 12. He notes that, in G.O.T. , the circuit court extended the original commitment twice, and the G.O.T. court held that "[t]he statute does not authorize the second extension." Id. at 635. A.A. asserts therefore that the "second extension [of the jury trial in this case] was ... not authorized by statute."
¶10 A.A. misreads G.O.T. In that case, the circuit court lost competency to make the extension, not because the original commitment was extended a second time, but because the extension went past the time permitted by the statute to hold the jury trial. Id. (based on the date of G.O.T.'s jury demand, the trial was required to occur by May 11; the circuit court first extended the commitment to May 10, and then extended it to May 24, thereby losing competency). Here, despite being rescheduled a couple of times, the final hearing and trial were held within the twenty-eight days permitted by the statute.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(d) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version.

When an inmate demands a jury trial within five days after a probable cause hearing, the trial must be held within twenty-eight days of the hearing, and when the demand is later than five days after a probable cause hearing, the trial must be held within twenty-eight days of the demand. Wis. Stat. § 51.20(11)(a). We also note that when the jury demand is made by a person who is not an inmate, the time period is fourteen days as opposed to twenty-eight days. Id. The parties do not dispute that, in this recommitment case, there was no need for a probable cause hearing nor that the twenty-eight days began to run on the date of A.A.'s March 20 demand.