IN the INTEREST OF G.H., a person under the age of 18: M.G., Appellant-Petitioner,

v.

## LA CROSSE COUNTY HUMAN SERVICES DEPARTMENT, Respondent.

Supreme Court

*No. 88–1515. Argued June 1, 1989.—Decided June 23, 1989.*

(Also reported in 441 N.W.2d 227.)

For the appellant-petitioner there was a brief (in court of appeals) by *George B. Strother, IV,* and *Louderman, Hayes, Van Camp, Priester, Strother & Schwartz, S.C.,* Madison, and oral argument by *George B. Strother, IV.*

For the respondent there was a brief and oral argument by *David L. Lange,* assistant corporation counsel.

HEFFERNAN, CHIEF JUSTICE. This is a review of a single judge decision of the court of appeals, which affirmed a dispositional order of the circuit court for LaCrosse county, Judge John J. Perlich. This case presents the court with procedural questions under the Wisconsin Children's Code, Chapter 48, Stats. We affirm the decision of the court of appeals, which upheld the order of the circuit court, concluding that the circuit court appropriately complied with the statutory time limits.

On November 18, 1987, the three-month old G.H. was taken from his home by a LaCrosse county social worker because of concern for the child's welfare. As provided by sec. 48.21, Stats., a custody hearing to determine whether the child G.H. should temporarily remain in the county's custody was scheduled for the next day before Judge Albert L. Twesme. The parties conferred at the courthouse prior to the November 19 hearing.[1] When Judge Twesme called the case, the parties informed the court that they had agreed to "continue the status quo" for 30 days, to allow the situation "to cool," and so information could be gathered for formulation of recommendations to the court. M.G. (the mother of G.H.) was not represented by counsel at the November 19 hearing, although she was represented by counsel at all other hearings in this matter. No formal findings or order were entered at the November 19 hearing. G.H. remained in nonsecure custody in a foster home.

LaCrosse County Human Services Department (Department) filed a CHIPS[2] petition on behalf of G.H.

---

[1] Present on November 19, 1987, before Judge Twesme were: counsel for LaCrosse County Human Services Department; G.H.'s guardian ad litem; C.H. (G.H.'s father), with counsel; and M.G. (G.H.'s mother), without counsel.

[2] Section 48.13, Stats., provides that a court may find a child

on November 30. At the plea hearing on December 14, 1987, both parents entered pleas contesting the allegations of the CHIPS petition. The parents, M.G. and C.H. (the father), asked for a jury trial at the fact-finding stage and also requested substitution of the assigned judge. Four days later, the new judge, John J. Perlich, held a status hearing and scheduled the fact-finding hearing for January 12, 1988, a date within thirty days of the plea hearing. Additional hearings were held on December 23, December 30 and January 8.

At the January 8 hearing, appointed counsel for C.H. asked that alternate counsel be appointed stating that C.H. had made threats against counsel's person and her family. Judge Perlich found that under the circumstances, C.H.'s counsel could not provide adequate representation, and he refused to allow C.H. to go before a jury in a contested fact-finding hearing without proper representation. Noting that this situation had been caused by C.H.'s conduct, Judge Perlich postponed the hearing against C.H. until new counsel could be obtained.[3]

Before the January 8 hearing concluded, M.G. indicated that she wanted to waive the 30-day time limit for the holding of the fact-finding hearing. After questioning M.G., Judge Perlich found that she knowingly and voluntarily waived the time limit. Four days later Judge

---

in need of protection or services (CHIPS) for various reasons, including a child:

    **(10)**   Whose parent, guardian or legal custodian neglects, refuses or is unable for reasons other than poverty to provide necessary care, food, clothing, medical or dental care or shelter so as to seriously endanger the physical health of the child.

[3] This appointment provided C.H. with his third lawyer in this matter. Prior to the January 8 hearing, C.H. had already obtained one substitution of counsel.

Perlich rescheduled the fact-finding hearing for February 4.

Both parents changed their pleas at a hearing on February 1st, and admitted the allegations in the CHIPS petition against them. In view of these admissions, the February 4 fact-finding hearing was cancelled. A dispositional hearing was held on March 14, 1988. At the close of the hearing, after taking evidence, Judge Perlich entered an oral order finding G.H. to be a child in need of protection or services and placing G.H. in a foster home under the custody of the Department for one year.

M.G. appealed, alleging a variety of errors. In a one-judge decision dated January 12, 1989, the court of appeals affirmed the dispositional order entered by Judge Perlich. Judge Eich found that the parties, by their stipulation of 30 days to cool off, waived the sec. 48.21 custody hearing. Judge Eich further found that the parties consented to a continuance as provided by sec. 48.315, Stats., tolling the limit of 30 days after the plea hearing within which the fact-finding hearing must be held, sec. 48.30(7). Reviewing the summary statement of facts in Judge Perlich's dispositional order, Judge Eich wrote that although summary fact finding would be inappropriate in a dispositional order for a contested case, in this case the petition allegations were conceded. Judge Eich held that facts adduced at the hearing supported the disposition. Judge Perlich's order was affirmed.

M.G. petitioned this court for review, alleging error in the failure to conduct a hearing for a child in custody (hereinafter referred to as a custody hearing), sec. 48.21, Stats.,[4] and in the failure to comply with the 30-day time

---

[4] Section 48.21, Stats., which provides in part:

**Hearing for child in custody. (1)** Hearing; when held. (a)  If a

411

limit for scheduling fact-finding hearings, sec. 48.30(7).[5] LaCrosse County Human Services Department cross-petitioned for relief pending appeal. Both petitions were granted by this court on March 7, 1989.

In construing the Children's Code we keep in mind the legislature's directive that this chapter be liberally construed, giving paramount consideration to the best interest of the child. Section 48.01(2). Significant among the interests of a child in custody is prompt disposition. Section 48.315(2), Stats.[6] We are reminded that,

> What seems like a short wait to an adult can be an intolerable separation to a young child to whom a week can seem like a year and a month forever.
>
> *National Bench Book for Juvenile Courts* 154 (Hon. L.G. Arthur rev. ed. 1979), quoted in *In Interest of R.H.*, 147 Wis. 2d 22, 37, 433 N.W.2d 16 (Ct. App. 1989).

We consider first M.G.'s allegations of error in the events surrounding the November 19, 1987 "hearing." M.G. asserts that the irregular proceeding before Judge

child who has been taken into custody is not released under s. 48.20, a hearing to determine whether the child shall continue to be held in custody under the criteria of ss. 48.205 to 48.209 shall be conducted by the judge or juvenile court commissioner within 24 hours of the time the decision to hold the child was made . . ..

[5] Section 48.30(7), Stats., provides in part:

If the citation or the petition is contested, the court shall set a date for the fact-finding hearing which allows reasonable time for the parties to prepare but is . . . no more than 30 days from the plea hearing . . .

[6] A continuance shall be granted . . . only for so long as is necessary, taking into account . . . the interest of the public in the prompt disposition of cases.

Twesme on November 19, 1987, must be considered a custody hearing as required by sec. 48.21, Stats. That section provides that such a hearing be held within 24 hours of taking a child into custody. M.G. notes that the November 19 hearing was scheduled as a custody hearing. As a sec. 48.21 hearing, M.G. argues the proceeding on November 19 did not comport with the statute.

A custody hearing under sec. 48.21, Stats., initiates a series of statutory requirements. Continuation of custody is allowed only upon a written order, based on finding of probable cause under specified criteria. Sections 48.21(4), (5) and 48.205. A CHIPS petition must be filed no more than 48 hours after the hearing. Section 48.21(1)(b). A plea hearing[7] must be held within 30 days of the filing of the petition. Section 48.30(1). Prior to the commencement of the custody hearing, parties must be informed of their right to counsel, and of the nature and potential consequences of the hearing. Section 48.21(3)(d). If no hearing is held within 24 hours of the taking of the child into custody, the statute provides that the child shall be released. Section 48.21(1)(a).

These rigorous requirements that attend a custody hearing are mitigated, however, by provisions in sec. 48.21 for waiver and rehearing. Section 48.21(3)(a) provides that the "parent, guardian or legal custodian may waive the hearing under this section," with the proviso that "after any waiver, a hearing shall be granted at the request of any interested party." Subsection 3(e) further provides that if a parent participates in a custody hearing without counsel, rehearing shall take place, if requested, after counsel is appointed or retained.

---

[7] A plea hearing is a hearing to determine whether any party wishes to contest an allegation that the child is in need of custody or services. Sec. 48.30(1), Stats.

The November 19 stipulation of the parties in this case is better characterized as a waiver of the right to an immediate custody hearing than it can be characterized as an abortive sec. 48.21 hearing. The record made of the stipulation is ambiguous. The record would have been clarified had express reference been made to the sec. 48.21(3)(a) provision for waiver of the hearing. Our interpretation of this stipulation as a waiver of the physical custody hearing is aided by later on-the-record remarks of the parties about its effect.[8]

Our construction of the stipulation as a waiver of the sec. 48.21 custody hearing is also supported by reference to related provisions of the statute. Section 48.21(3)(a) waiver of the custody hearing is not irrevocable. That section expressly provides that any interested party upon request may have the custody hearing if it has been originally waived.

M.G. stresses the fact that she was not represented by counsel when she agreed to the November 19 stipula-

---

[8] At the December 18, 1987, status hearing, the following remarks were made in reference to the November 19 stipulation:

> Attorney for C.H.: The question, your Honor, is that the parties had signed a consent decree to have the child held for 30 days, and that expires tomorrow.
> Guardian for G.H.: That was 30 days to file the petition at a detention hearing in front of Judge Twesme. *There was no hearing,* because they agreed to giving Social Services time to file a CHIPS petition and then start the time running then.
> Attorney for M.G.: The petition has been filed, but there has been no order signed by a Judge.
> Guardian for G.H.: An order for what?
> Attorney for C.H.: To hold the child in custody.
> Attorney for M.G.: To hold the child.
> Guardian for G.H.: They agreed to it at the time of the detention hearing.

(Emphasis added.)

tion. This fact does not change our characterization of the stipulation. Section 48.21 anticipates that parties may appear without counsel at custody hearings held within the 24-hour time limit. Section 48.21(3)(d) provides that the court shall inform unrepresented parents that counsel can be provided to them. Further, sec. 48.21(3)(e) provides that rehearing may be requested if counsel is subsequently obtained, or in any case for good cause. Given the 24-hour time deadline for custody hearings and the liberal statutory provisions for rehearing, we conclude that the legislature intends this section to apply even where parties are not initially represented by counsel. We note that M.G. was represented by counsel at every hearing in this matter subsequent to November 19, and conclude that her appearance without counsel on November 19 did not limit her ability initially to stipulate to a waiver of the custody hearing.

The failure to take certain actions during, or within 48 hours after, the custody hearing constitutes error only if the hearing itself is required. Because we find that the custody hearing was waived, we conclude that there was no obligation upon the court to enter a written custody order or to inform the parties of their rights. Nor was the Department obliged to file a CHIPS petition within 48 hours. The Department filed its CHIPS petition within 20 days of the intake worker's recommendation, as required by sec. 48.25(2)(a), Stats.

We turn now to the contention that the scheduling of the fact-finding hearing at a date more than 30 days after the plea hearing was erroneous. M.G. argues that the time deadlines for disposition of various steps provided by the Children's Code are mandatory. In *In Interest of R.H.*, 147 Wis. 2d 22, 433 N.W.2d 16 (Ct. App.

1988), a decision summarily affirmed by this court,[9] the court of appeals held that the statutory 30-day deadline for holding a disposition hearing after the completion of fact-finding, sec. 48.31(7), Stats., is a mandatory provision.[10] Rather than attacking *R.H.,* counsel for the Department urges us to decide this case on the question whether the statute's tolling and continuance provision, sec. 48.315 was properly applied.

Section 48.315, Stats.,[11] is the general provision that governs delays, continuances and extensions of the vari-

---

[9] This court was evenly split after reviewing the court of appeals' decision in *In Interest of R.H.,* 147 Wis. 2d 22, 433 N.W.2d 16 (Ct. App. 1988). Chief Justice Heffernan, and Justices Abrahamson and Callow would have affirmed the court of appeals; Justices Day, Steinmetz and Ceci would have reversed. Justice Bablitch did not participate.

[10] The Department contends that competency to proceed, not subject matter jurisdiction, is implicated by missing a Childrens Code time deadline that is mandatory. In view of the policy behind Chapter 48, it appears that the legislature intended that proceedings would comply with the time limits provided in the Childrens Code, unless good cause were shown under sec. 48.315, Stats.

[11] Section 48.315, Stats., provides in part:

**Delays, continuances and extensions. (1)** The following time periods shall be excluded in computing time requirements within this chapter:

. . .

(b) Any period of delay resulting from a continuance granted at the request of or with the consent of the child and counsel.

. . .

(2) A continuance shall be granted by the court only upon a showing of good cause in open court or during a telephone conference under s. 807.13 on the record and only for as long as is necessary, taking into account the request or consent of the district attorney or the parties and the interest of the public in prompt disposition of cases.

ous time periods provided in the Children's Code. Subsection (1) contains a list of specific circumstances that toll the running of a time limit under the Children's Code. For example, subsection (1)(c) excludes from time calculations any period of delay caused by the disqualification of a judge. Subsection (1)(b) excludes from the computation of time deadlines "any period of delay resulting from a continuance granted at the request of or with the consent of the child and counsel."

Subsection (2) deals more generally with continuances under the Children's Code, providing that good cause must be shown in open court, or on the record, before a court may grant any continuance. A continuance may extend only for so long as is necessary, taking into account "the request or consent of the district attorney or the parties and the interest of the public in the prompt disposition of cases."

M.G. asserts that the postponement in this case was done on the initiative of Judge Perlich, impelled by C.H.'s problems with counsel: it was not a "continuance granted at the request of or with the consent of the child and counsel." She also contends that this case does not fall within the other circumstances provided in sec. 48.315(1), Stats. The Department, on the other hand, argues that section 48.315(2) provides independent grounds for a valid continuance. We agree with the Department. Although the two subsections of sec. 48.315 may overlap, they do not describe identical situations. There is no indication that the legislature intended these subsections to be conjunctive. On the contrary, the applicability of section 48.315 to the entire Children's Code suggests that a restrictive interpretation of this general provision is inappropriate. Although the express conditions of this section should be carefully construed, they must be given a reasonable reading.

We conclude that the general requirements of sec. 48.315(2), Stats., control all extensions of time deadlines under the Children's Code. While the enumerated specific circumstances of sec. 48.315(1) are governed by sec. 48.315(2), the statutory list of specific circumstances does not proscribe all other grounds for extending time deadlines. A continuance may be granted directly under sec. 48.315(2), Stats.

A continuance under sec. 48.315, Stats., requires good cause to be shown.[12] Measuring by this standard the record made by Judge Perlich at the hearing in this case on January 8, 1988, we find that the requirements for a continuance under sec. 48.315(2) were satisfied. We note with approval that Judge Perlich granted the continuance before the time limit in question had expired. We also note that Judge Perlich stated the issue as whether the time limit would be waived. We suggest that trial judges when addressing these questions refer directly to and cite the appropriate statutory provision.

Judge Perlich confronted a very substantial dilemma: four days before the scheduled fact-finding hearing, counsel for C.H. demonstrated circumstances that rendered her unable to represent C.H. Judge Perlich was compelled either to require C.H. to participate in a contested hearing before a jury without adequate representation, or to postpone the hearing. Judge Perlich's repeated emphasis on the mandatory nature of the deadline and his persistent attempts to hold the hearing within the statutory limit, in spite of various demands of

---

[12]In *In Interest of F.E.W.*, 143 Wis. 2d 856, 861, 422 N.W.2d 893 (Ct. App. 1988), the court of appeals used three factors to evaluate good cause for a continuance requested by a party: 1) good faith of the moving party; 2) prejudice to the opposing party; and 3) prompt remedial action by the dilatory party.

uncooperative parties, support the conclusion that there was the necessary showing of good cause for continuance put on the record at the January 8 hearing.[13]

We turn to two issues argued in M.G.'s court of appeals briefs, briefs she relies upon here, although these issues were not raised in M.G.'s petition for review.[14] First, M.G. alleges error in the trial court's failure at the plea hearing on December 14, 1987 to advise her of her rights under sec. 48.243, Stats., as sec. 48.30(2) requires. The trial court's recitation of rights did not precisely track the statutory exposition of rights enumerated under sec. 48.243.[15] The trial court did, however, inform

[13] An additional issue M.G. argues in her court of appeals brief, but not pursued on review, is whether the January 8 continuance was properly limited in duration, e.g., "only for so long as is necessary," sec. 48.315(2), Stats. Given the appointment of new counsel, and the subsequent motion for Judge Perlich to recuse himself, it does not appear that the continuance extended for a period longer than necessary.

[14] Once review is granted, this court is not precluded from considering all issues in a case. *Univest Corp. v. General Split Corp.*, 148 Wis. 2d 29, 435 N.W.2d 234 (1989).

[15] The rights that a party must be informed of under sec. 48.243, Stats., are:

    (a)   What allegations could be in the petition;

    (b)   The nature and possible consequences of the proceedings including the provisions of s. 48.17, 48.18 and 48.366 if applicable;

    (c)   The right to remain silent and the fact that in a delinquency proceeding the silence of the child shall not be adversely considered by the court or jury, although silence of any party may be relevant in any nondelinquency proceeding;

    (d)   The right to confront and cross-examine those appearing against them;

    (e)   The right to counsel under s. 48.23;

    (f)   The right to present and subpoena witnesses;

    (g)   The right to a jury trial; and

    (h)   The right to have the allegations of the petition proved by

the parties of the potential consequences of the proceeding and of their right to a jury trial. We note that all parties were already represented by counsel at the time of the plea hearing. The better policy is of course to follow literally the statutory ennumeration of rights. In the inconsequential deviation in the trial court's recitation of the parties' rights in this case, we find no error.

M.G. has also argued that the findings of fact in Judge Perlich's written dispositional order entered on March 18, 1988, were insufficient as a matter of law. The facts recited in Perlich's dispositional order tracked the statutory language of the requirements for a CHIPS order. Although in a contested case these findings would be inadequate to meet the requirements of specific fact finding of sec. 48.355(2)(a), Stats., Judge Perlich was disposing of a case where the allegations of the CHIPS petition were admitted by the parties. Moreover, there was ample evidence in the record of that hearing to support Judge Perlich's disposition of the case. *Haugen v. Haugen,* 82 Wis. 2d 411, 415, 262 N.W.2d 769 (1978). Although written findings of fact are an essential part of a valid dispositional order under sec. 48.355, Stats., in this uncontested case, where the parties' rights were substantially protected by counsel and appropriate statutory procedure, the findings made on uncontested facts in the dispositional order were sufficient.

*By the Court.*—Decision affirmed.

---

clear and convincing evidence unless the child comes within the court's jurisdiction under s 48.12 or 48.13(12), in which case the standard of proof shall be beyond a reasonable doubt.