IN RE the TERMINATION OF PARENTAL RIGHTS TO EVERETT W.O., a Person Under the Age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

APRIL O., Respondent-Appellant. [Case No. 99–2485]

IN RE the TERMINATION F PARENTAL RIGHTS TO TAYLOR J.O., a Person Under the Age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

APRIL O., Respondent-Appellant. [Case No. 99–2486]

IN RE the TERMINATION OF PARENTAL RIGHTS TO BRANDON R.O., a Person Under the Age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

APRIL O., Respondent-Appellant,

STEVEN P., Respondent-Co-Appellant. [Case No. 99–2487]

Court of Appeals

*Nos. 99–2485, 99–2486, 99–2487. Submitted on briefs January 31, 2000.—Decided February 15, 2000.*

663

2000 WI App 70

(Also reported in 607 N.W.2d 927.)

On behalf of the respondent-appellant, April O., the cause was submitted on the briefs of *Margaret A. Maroney*, assistant state public defender.

On behalf of the respondent-co-appellant, Steven P., the cause was submitted on the briefs of *Len Kachinsky* of *Kachinsky & Petit Law Offices*, Neenah.

On behalf of the petitioner-respondent, the cause was submitted on the briefs of *Thomas J. Walsh* of *Walsh & Walsh, S.C.*, De Pere.

Before Cane, C.J., Hoover, P.J., and Peterson, J.[1]

¶ 1.  PETERSON, J.   April O. and Steven P. appeal orders terminating their parental rights. They argue the circuit court lost competency to proceed when it failed to hold their initial and dispositional hearings within mandatory time limits. WISCONSIN STAT. § 48.315(2) allowed the court to extend those time limits, but only upon a showing of good cause in open court.[2] The issue is whether the court lost competency when, although it found that good cause existed to extend the time limits, it did not make that finding until after the limits had expired. We hold that the

---

[1] On the court's own motion this decision is by a three-judge panel.

[2] WISCONSIN STAT. § 48.315(2) provides:

A continuance shall be granted by the court only upon a showing of good cause in open court or during a telephone conference under s. 807.13 on the record and only for so long as is necessary, taking into account the request or consent of the district attorney or the parties and the interest of the public in the prompt disposition of cases.

All statutory references are to the 1997–98 edition.

court did lose its competency to proceed and therefore reverse the orders.

## FACTS

¶ 2.    Brown County Human Services Department petitioned for termination of April and Steven's parental rights in July 1998. April had three children subject to this petition: Everett, Taylor and Brandon. Steven is the father of one of the children, Brandon.[3] April timely moved to substitute the judge and the case was reassigned in an order entered August 18. The new judge scheduled an initial hearing for September 25. At the initial hearing, both April and Steven denied the petition and requested a jury trial.

¶ 3.    The jury trial was scheduled for November 9. At a pretrial conference on November 6, however, Steven waived the trial and admitted that grounds existed for terminating his parental rights. April proceeded to trial. The trial concluded on November 10, when the jury found that grounds existed for terminating April's parental rights. The court set a dispositional hearing for December 17. However, the court later rescheduled that hearing for January 19, 1999. The court did not grant a continuance on the record or give any reason for rescheduling the hearing. At the January hearing, the court found that termination of April and Steve's parental rights was in the best interests of the children. The court entered the termination order on January 25.

¶ 4.    April appealed and argued that the circuit court violated the mandatory statutory time limits for

---

[3] The court also terminated the parental rights of the other two children's fathers. However, they are not parties in this appeal.

holding both the initial and dispositional hearings. This court remanded for an evidentiary hearing to determine the reasons why the hearings were held outside the appropriate time limits and then whether the time limits were properly extended. Subsequently, the circuit court held an evidentiary hearing and denied the motion to dismiss because it found that court congestion caused the delays and constituted good cause for exceeding both time limits. Because of ineffective assistance of counsel, the circuit court reinstated Steven's appellate rights. Both parents now appeal.

ANALYSIS

¶ 5.   Wisconsin appellate courts have previously held that failure to comply with mandatory time limits under the Children's Code may result in the loss of the circuit court's competency to proceed. *See T.H. v. La Crosse County*, 147 Wis. 2d 22, 35–38, 433 N.W.2d 16 (Ct. App. 1988), *aff'd per curiam by an equally divided court*, 150 Wis. 2d 432, 441 N.W.2d 233 (1989).[4] In this case, both the initial hearing and dispositional hearings were held beyond the mandatory time limits established in WIS. STATS. §§ 48.422 and 48.424(4), respectively. "The Children's Code contains no provision for the waiver of time limits, and the only provisions for delays, continuances and extensions are set forth in § 48.315, STATS."[5] *Waukesha County v.*

[4] *See also Green County Dep't of Human Servs. v. H.N.*, 162 Wis. 2d 635, 657, 469 N.W.2d 845 (1991) (failure to observe mandatory provisions will cause a court to lose its competence to proceed and require the dismissal of a CHIPS petition).

[5] At the time this court decided *T.H.*, juvenile delinquency proceedings were also governed by WIS. STAT. ch. 48. *See T.H. v.*

*Darlene R.*, 201 Wis. 2d 633, 640, 549 N.W.2d 489 (Ct. App. 1996). That statute provides that time limits may be continued, but "only upon a showing of good cause in open court . . . ." WIS. STAT. § 48.315(2). The general requirements of § 48.315(2) control all extensions of time deadlines under the Children's Code. *See M.G. v. La Crosse County Human Servs. Dep't*, 150 Wis. 2d 407, 418, 441 N.W.2d 227 (1989).

¶ 6.   Whether the circuit court complied with the time limits and granted a continuance pursuant to WIS. STAT. § 48.315(2), under the undisputed facts of this case, presents a legal question of statutory interpretation. *See Jason B. v. State*, 176 Wis. 2d 400, 407, 500 N.W.2d 384 (Ct. App. 1993). We review questions of law independently. *See Green County Dep't of Human Servs. v. H.N.*, 162 Wis. 2d 635, 645, 469 N.W.2d 845 (1991).

¶ 7.   The State contends that the time limits were properly extended for both hearings. With regard to the initial hearing, the State claims that the delay was

*La Crosse County*, 147 Wis. 2d 22, 35–38, 433 N.W.2d 16 (Ct. App. 1988). Since then, the statutory provisions governing juvenile delinquency proceedings have been amended and renumbered and are currently codified in WIS. STAT. ch. 938, the Juvenile Justice Code. With regard to juvenile delinquency proceedings, the legislature effectively overruled our decision in *T.H.* by enacting WIS. STAT. § 938.315(3), which provides that a court does not lose competency when it fails to follow relevant time limits and also that time limits are subject to waiver. *See* 1995 Wis. Act 77, § 629. In light of these legislative changes, we asked the parties to brief the issue of whether a circuit court must necessarily lose competency to proceed in TPR proceedings. The State conceded that a court loses competency in these proceedings, however, and we therefore do not address it further.

caused by April's request for a substitution of judge. As for the dispositional hearing, the State contends that when the court ordered the clerk to reschedule the hearing, it inherently granted a continuance. We disagree, however, and conclude that neither time limit was properly extended.

## A. Initial Hearing.

¶ 8. An initial hearing "shall be held within 30 days after the petition is filed." WIS. STAT. § 48.422(1). However, § 48.315(1)(c) provides that good cause exists for excluding "[a]ny period of delay caused by the disqualification of a judge." The State contends that April's request to substitute the first judge tolled the time limits. As expressed in *State v. Joshua M.W.*, 179 Wis. 2d 335, 343, 507 N.W.2d 141 (Ct. App. 1993), a substitution request tolls the thirty-day time limit when the delay is "caused by the disqualification and is not unreasonable." Here, the court did not schedule the initial hearing until thirty-eight days after the case was reassigned. In *Joshua M.W.*, the court cautioned that any "delay by the newly-assigned judge exceeding [thirty days] after the assignment is unreasonable as a matter of law, unless the court finds good cause for granting a continuance under sec. 48.315(2), Stats." *Id.* at 344.

¶ 9. The State argues that good cause existed for extending the time limit because the court's "calendar and the attorney's calendars did not permit the hearing to be held any sooner." However, a "continuance can be granted by a court to a party under sec. 48.315(2) for court congestion provided that good cause is shown and the trial court does so in a timely manner . . . ." *J.R. v. State*, 152 Wis. 2d 598, 607, 449 N.W.2d 52 (Ct. App. 1989).

670

¶ 10. The problem here is that the circuit court never granted a continuance at any proceeding before the time limits expired and therefore did not do so in open court and in a "timely manner." We note that the supreme court has paraphrased WIS. STAT. § 48.315(2) as mandating its requirements be satisfied "*before* a court may grant any continuance." *M.G.*, 150 Wis. 2d at 417 (emphasis added).[6] In this case, the circuit court did not make a finding of good cause in open court until September 3, 1999, well after the thirty-day time period had expired and after the court had lost competency to proceed. *See Green County*, 162 Wis. 2d at 657. The State is essentially arguing that a court which lost competency may later hold a hearing and make good cause findings which restore competency. The argument defies logic. Once a court has lost competency it cannot, in a later proceeding, find good cause for a delay and thereby restore competency.

## B.   Dispositional Hearing.

¶ 11. The circuit court also failed to hold the dispositional hearing within the mandatory time frame. WISCONSIN STAT. § 48.424(4) allows the court to delay holding a dispositional hearing for up to forty-five days after the fact-finding hearing under certain circumstances. Here, the fact-finding hearing was completed on November 10, 1998. After the jury returned its verdict, the court set a dispositional hearing for December

---

[6] Although the *M.G.* court was not faced with the dilemma presented here, the court noted "with approval that [the circuit court] granted the continuance before the time limit in question had expired." *M.G. v. La Crosse County Human Servs. Dep't*, 150 Wis. 2d 407, 418, 441 N.W.2d 227 (1989).

17. A hearing notice sent on November 12 confirmed this date. Several days later, however, the court rescheduled the hearing for January 19, 1999, seventy days after the fact-finding hearing. Again, the court did not properly extend the time limit by finding, before the time limit expired and in open court, that good cause existed.[7]

**[6]**

¶ 12.   Precedent compels us to reach a result in this case that is, to say the least, unfortunate. As the circuit court observed, the object of the Children's Code is to protect the best interests of the children. Throughout the circuit court proceedings, neither parent showed any interest in moving this case along and, in fact, both sought delays at different stages. Moreover, neither hearing was delayed for long beyond the mandatory timelines. We empathize with the circuit court that this is not a good result for the children. However, we may not rewrite clear statutory language, and precedent compels reversal. *See Cook v. Cook*, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997).

*By the Court.*—Orders reversed.

■■■■■■

[7] The State argues that court congestion also constituted good cause for extending these time limits. We need not address the issue because the court did not properly grant a continuance under WIS. STAT. § 48.315(2).