In re the Termination of Parental Rights to Moriah K., a Person Under the Age of 18:

State of Wisconsin,
Petitioner-Respondent,

v.

Robert K.,
Respondent-Appellant-Petitioner.

In re the Termination of Parental Rights to Briar K., a Person Under the Age of 18:

State of Wisconsin,
Petitioner-Respondent,

v.

Robert K.,
Respondent-Appellant-Petitioner.

Supreme Court

*Nos. 2004AP2330, 2004AP2331. Oral argument September 28, 2005.—Decided November 18, 2005.*

2005 WI 152

(Also reported in 706 N.W.2d 257.)

145

For the respondent-appellant-petitioner there were briefs by *John J. Grau* and *Grau Law Office,* Waukesha, and oral argument by *John J. Grau.*

For the petitioner-respondent the cause was argued by *Michelle Ackerman Havas,* assistant district attorney, with whom on the brief was *E. Michael McCann,* district attorney.

An amicus curiae brief was filed by *Carol C. Petersen,* Milwaukee, on behalf of the Legal Aid Society of Milwaukee, Inc., and there was oral argument by *Carol C. Petersen.*

¶ 1. SHIRLEY S. ABRAHAMSON, C.J.   This is a review of an unpublished opinion of the court of appeals[1] affirming the order of the circuit court for Milwaukee County, Michael G. Malmstadt, Judge, terminating the parental rights of Robert K., the father of Briar and Moriah K. We affirm the decision of the court of appeals.

¶ 2.   Robert K. challenges the order of termination. He argues that because the fact-finding hearing was held more than 45 days after the contested plea hearing, contrary to the requirements of Wis. Stat. § 48.422(2),[2] and no exception under Wis. Stat. § 48.315 applies, the circuit court lost competency to proceed with the fact-finding hearing. Wisconsin Stat. § 48.422(2) provides that if a petition to terminate parental rights is contested, the circuit court shall set a date for the fact-finding to be held within 45 days of the hearing on the petition.[3] Wisconsin Stat. § 48.315 provides for delays, extensions, and continuances of the statutorily mandated time periods.

---

[1] *State v. Robert K.,* Nos. 2004AP2330, 2004AP2331, unpublished slip op. (Wis. Ct. App. Nov. 16, 2004).

[2] All references to the Wisconsin Statutes are to the 2003–2004 version unless otherwise noted.

[3] Wisconsin Stat. § 48.422(2) states: "If the petition [to terminate parental rights] is contested the court shall set a date for a fact-finding hearing to be held within 45 days of the hearing on the petition . . . ."

147

¶ 3.  Robert K. asserts that the circuit court improperly interpreted Wis. Stat. § 48.315(1)(b)[4] to allow the guardian ad litem for the children to consent to setting the fact-finding hearing more than 45 days after the contested plea hearing. He further asserts that the record is insufficient to establish good cause under Wis. Stat. § 48.315(2)[5] for continuing the fact-finding hearing beyond the 45–day time period.

¶ 4.  We affirm the decision of the court of appeals and the order of the circuit court, but on different grounds than relied upon by those courts.[6] We conclude that a continuance may be granted under Wis. Stat. § 48.315(2), independent of the other grounds for a continuance specified in § 48.315(1), and that the record in the present case establishes good cause under § 48.315(2) for holding the fact-finding hearing beyond

---

[4] Wisconsin Stat. § 48.315(1)(b) states: "(1) The following time period shall be excluded in computing the time requirements within this chapter: . . . (b) Any period of delay resulting from a continuance granted at the request of or with the consent of the child and his or her counsel or of the unborn child by the unborn child's guardian ad litem."

[5] Wisconsin Stat. § 48.315(2) provides:

A continuance shall be granted by the court only upon a showing of good cause in open court or during a telephone conference under s. 807.13 on the record and only for so long as is necessary, taking into account the request or consent of the district attorney or the parties and the interest of the public in the prompt disposition of cases.

[6] We may affirm a judgment or order of the circuit court and a decision of the court of appeals on different grounds than those relied upon by those courts. *State v. Scheidell,* 227 Wis. 2d 285, 311 n.14, 595 N.W.2d 661 (1999) (citing *Koestler v. Pollard,* 162 Wis. 2d 797, 809 n.8, 471 N.W.2d 7 (1991), and *Liberty Trucking Co. v. DIHLR,* 57 Wis. 2d 331, 342, 204 N.W.2d 457 (1973)).

the 45–day time period. Therefore, we conclude that the circuit court did not lose competency to proceed with the fact-finding hearing. Because we hold that good cause existed to hold the fact-finding hearing more than 45 days after the contested plea hearing, we do not address the issue upon which the circuit court ruled, that is, whether a guardian ad litem's acquiescence in the circuit court's setting the fact-finding hearing beyond the 45–day period fulfills the consent requirement of Wis. Stat. § 48.315(1)(b).

I

¶ 5.   The undisputed facts are as follows. Robert K. is the biological father of twins Briar and Moriah K., born June 22, 2001. Briar and Moriah, along with four other children (who are involved in TPR proceedings but not subject to this appeal),[7] were placed in foster care by social workers on September 25, 2001. On July 18, 2002, the circuit court found Briar and Moriah to be children in need of protection or services (CHIPS), pursuant to Wis. Stat. § 48.13(10). On July 17, 2003, the State of Wisconsin filed a Petition for Termination of Parental Rights (TPR petition), requesting that the parental rights of Robert K. to Briar and Moriah be terminated.

---

[7] Robert K. is also the biological father of Justin K. and Cody and Colt K., for whom TPR proceedings were commenced at the same time as those for Briar and Moriah K. In addition, another child was involved in the TPR proceedings, Isiah B., the son of Briar and Moriah's mother but not of Robert K. The four other children were involved in TPR proceedings but are not subject to this review.

¶ 6.   The State asserted two grounds for termination of Robert K.'s parental rights: continuing CHIPS[8] and failure to assume parental responsibility.[9]

¶ 7.   An initial plea hearing involving four parents subject to TPR petitions was held on August 8, 2003. The plea hearing was rescheduled for September 19, 2003. Robert K. does not contest this continuance beyond the 30–day time period prescribed by Wis. Stat. § 48.422(1).[10]

¶ 8.   Present at the September 19 plea hearing were the assistant district attorney, six lawyers for the parents (on both visitation and TPR issues), and two guardians ad litem.[11] In consultation with the parties, the circuit court determined that the cases should be divided into two separate trials for the three children of each mother. The circuit court also determined that each trial would take one week to complete.

¶ 9.   The circuit court initially suggested the week of November 3 for the first trial. November 3 would have been within 45 days of the contested plea hearing, satisfying the time period established in Wis. Stat. § 48.422(2).

¶ 10.   No dates prior to November 3 were offered because the week of November 3 was the first available trial week in the Milwaukee County Children's Court calendar; trials are scheduled in the court every six

---

[8] Wis. Stat. § 48.415(2).

[9] Wis. Stat. § 48.415(6).

[10] Wisconsin Stat. § 48.422(1) provides: "The hearing on the petition to terminate parental rights shall be held within 30 days after the petition is filed."

[11] One guardian ad litem was appointed to represent Justin K. and Cody and Colt K. The other guardian ad litem represented Isiah B. and Briar and Moriah K.

weeks.[12] Neither trial could be held the week of November 3 because the assistant district attorney and one guardian ad litem had other court matters scheduled.

¶ 11.  The next available trial week after November 3 was the week of December 15, but the assistant district attorney was scheduled in a trial in another children's court; an attorney for one of the birth mothers was scheduled to be in another trial; and one of the guardians ad litem was to be out of the country.

¶ 12.  The next available trial week in the circuit court's six-week schedule began on January 26, 2004. The TPR proceeding for Robert K.'s older children, Justin K. and Cody and Colt K., was scheduled for this trial date. The lawyer for Moriah and Briar's mother had two other cases scheduled for January 29, 2004, and would have been unable to attend the full five-day trial.

¶ 13.  The circuit court then scheduled the fact-finding hearing for the TPR for the parents of Moriah, Briar, and their half-sibling Isiah on the next available trial date, March 8, 2004. At that time, neither Robert K. nor his attorney objected to scheduling the fact-finding hearing in March.[13]

---

[12] Apparently each of the eight courts comprising the Milwaukee County Children's Court set aside one week for intake, one week for initial appearances, one week for trial, and so on.

[13] No party waived the 45–day statutory time period by failing to object in circuit court to the circuit court's scheduling the fact-finding hearing in March. A competency challenge based on a court's failure to act within a statutory time period cannot be waived by the failure to object in circuit court. *Sheboygan County Dep't of Social Servs. v. Matthew S.*, 2005 WI 84, ¶ 30, 282 Wis. 2d 150, 698 N.W.2d 631 (TPR case involving 45–day time period between contested plea hearing and fact-finding hearing).

¶ 14. After a five-day trial from March 8 to March 13, 2004, the jury found the facts required to support the grounds for termination of Robert K.'s parental rights. At the dispositional hearing held on April 23, 2004, the circuit court ordered the termination of Robert K.'s parental rights.

¶ 15. Robert K. appealed this termination order. The court of appeals held that the guardian ad litem's acquiescence to the March 8 hearing date was sufficient to satisfy the requirements of Wis. Stat. § 48.315(1)(b) (governing continuances by request or consent of the child and the child's counsel or the guardian ad litem for an unborn child) and affirmed the order of the circuit court terminating Robert K.'s parental rights.

## II

¶ 16. The timelines for fact-finding hearings in contested TPR petitions in Wisconsin applicable to the instant case are governed by Wis. Stat. § 48.422(2) and Wis. Stat. § 48.315.

¶ 17. Section 48.422(2) provides that a circuit court shall set a date for a fact-finding hearing within 45 days of the hearing on the petition unless the necessary parties agree to commence the hearing on the merits immediately. Failure to comply with this statutory time period may result in the circuit court losing competence to proceed.[14]

---

[14] *See Matthew S.*, 282 Wis. 2d 150, ¶¶ 16, 36; *State v. April O.*, 2000 WI App 70, ¶ 5, 233 Wis. 2d 663, 607 N.W.2d 927; *T.H. v. La Crosse County*, 147 Wis. 2d 22, 27–31, 33, 433 N.W.2d 16 (Ct. App. 1988).

¶ 18. Having established time periods for various proceedings under the Children's Code, the legislature also recognized the importance of permitting circuit courts some flexibility to extend the time periods in appropriate situations.[15]

¶ 19. Section 48.315(1) sets forth "time periods that shall be excluded in computing time requirements" in Chapter 48. Section 48.315(2) further provides that "a continuance shall be granted by the court only upon a showing of good cause in open court or during a telephone conference under s. 807.13 on the record and only for so long as is necessary, taking into account the request or consent of the district attorney or the parties and the interest of the public in the prompt disposition of cases."

¶ 20. It is undisputed that the fact-finding hearing in this case did not occur within 45 days of the plea hearing as required by Wis. Stat. § 48.422(2).[16]

■

¶ 21. Whether the circuit court complied with Wis. Stat. § 48.315(2) when setting the date for the fact-finding hearing beyond the 45–day period presents

---

[15] *Matthew S.*, 282 Wis. 2d 150, ¶ 36 ("Because of the clear statutory language and legislative intent behind these statutes, we must emphasize the importance of strictly following the provisions of Wis. Stat. ch. 48. While we recognize the need for flexibility in the Children's Code, we believe the legislature addressed this problem with the enactment of Wis. Stat. § 48.315.").

[16] The time period between the plea hearing on September 19, 2003, and the fact-finding hearing on March 8, 2004, was almost six months, approximately four and one-half months beyond the 45–day time period.

a question of statutory interpretation.[17] The interpretation and application of a statute to undisputed facts ordinarily is a question of law that this court determines independently of the circuit court and court of appeals, but benefiting from the analysis of both.[18]

¶ 22. We first address whether the action taken by the circuit court is governed by Wis. Stat. § 48.315(2), which refers only to "continuances."

¶ 23. The present case does not involve what is often thought of as a continuance. The fact-finding hearing was not set within the 45–day period and then continued beyond the 45–day period. Rather, the fact-finding hearing was initially set beyond the 45–day period.

¶ 24. The ordinary usage of the word "continuance" encompasses more than just events set for and beginning on a fixed date and then continued to a later date. A continuance also encompasses a postponement, that is, a delay of an event that has no set date until a future date.[19]

¶ 25. Indeed, cases under the Children's Code have applied Wis. Stat. § 48.315(2) to situations like the present case in which a circuit court initially schedules a hearing beyond the statutorily prescribed period.[20]

---

[17] April O., 233 Wis. 2d 663, ¶ 6 (TPR relating to 30–day statutory period between filing of petition and plea and 45–day statutory period between fact-finding hearing and disposition hearing).

[18] State v. Morford, 2004 WI 5, ¶ 19, 268 Wis. 2d 300, 674 N.W.2d 349.

[19] See any dictionary.

[20] See, e.g., State v. Quinsanna D., 2002 WI App 318, ¶¶ 25–26, 259 Wis. 2d 429, 655 N.W.2d 752 (TPR case; at conclusion of fact-finding hearing, circuit court scheduled dis-

The court has written that Wis. Stat. § 48.315(2) is applicable to "all extensions of time under the Children's Code."[21]

¶ 26. Were we to define "continuance" in Wis. Stat. § 48.315(2) narrowly, a circuit court would have to set a date for a fact-finding hearing within the statutorily mandated 45-day time period, knowing the hearing would not take place. At the scheduled date the circuit court would receive and grant a motion for a continuance to another date. This process would entail a great waste of time and resources and favors form over substance. The legislature could not have intended this result.

¶ 27. Defining the word "continuance" to include postponement comports with the legislative purpose. In *M.G. v. La Crosse County Human Services Department*, 150 Wis. 2d 407, 441 N.W.2d 227 (1989), the court declared that "the applicability of section 48.315 to the entire Children's Code suggests that a restrictive interpretation of this general provision is not appropriate. Although the express conditions of this section should be carefully construed, they must be given a reasonable reading."[22]

¶ 28. We therefore conclude that the word "continuance" in Wis. Stat. § 48.315(2) is sufficiently broad to encompass situations in which the fact-finding hearing is originally scheduled beyond the statutory 45-day time period.

position proceeding beyond the 45-day time period under Wis. Stat. § 48.424(2) for scheduling disposition hearing).

[21] *M.G. v. La Crosse County Human Servs. Dep't*, 150 Wis. 2d 407, 418, 441 N.W.2d 227 (1989) (CHIPS case).

[22] *M.G.*, 150 Wis. 2d at 418 (holding good cause existed for extension of time in CHIPS case).

¶ 29. We turn now to whether, as a matter of statutory interpretation, a court's calendar and lawyers' scheduling conflicts may constitute good cause under Wis. Stat. § 48.315(2). No provision in § 48.315 explicitly states that a circuit court's schedule or lawyers' or litigants' difficulties in scheduling court dates amount to good cause for extension, delay, or continuance under § 48.315(2).[23]

¶ 30. Case law supports the conclusion that lawyer and litigant scheduling problems may constitute good cause under Wis. Stat. § 48.315(2). In *State v. Quinsanna D.*, 2002 WI 318, 259 Wis. 2d 429, 655

---

[23] Although Wis. Stat. § 48.315 (in the Children's Code) and Wis. Stat. § 938.315 (in the Juvenile Justice Code) are substantially similar, § 938.315(1)(dm) has no counterpart in § 48.315. Section 938.315(1)(dm) reads as follows:

> The following time periods shall be excluded in computing time requirements in this chapter:
>
> . . . Any period of delay resulting from court congestion or scheduling.

Chapter 938 was created by 1995 Wis. Act 77. Wisconsin Stat. § 938.315(1)(dm) was added by 1995 Wis. Act 354. The drafting history reveals that Wis. Stat. § 938.315(1)(dm) was added to codify the ruling in *J.R. v. State,* 152 Wis. 2d 598, 607, 449 N.W.2d 52 (Ct. App. 1989), a juvenile justice case holding that "[a] good cause adjournment of a fact-finding hearing by a trial court sua sponte due to court congestion is a proper method to adjourn the fact-finding hearing." *See Letter from Racine County District Attorney Robert Flancher to Representative Bonnie Ladwig,* Feb. 13, 1996, Drafting Records to 95 Wis. Act 352 (available at Legislative Reference Bureau, Madison, Wis.).

Nothing in the legislative history indicates that the legislature was trying to distinguish in this manner Wis. Stat. §§ 938.315 and 48.315.

N.W.2d 752, concerning the 45–day time period between an uncontested plea hearing and a dispositional hearing, the court of appeals recognized that lawyers' scheduling difficulties constitute good cause under Wis. Stat. § 48.315(2).[24]

### III

¶ 31.   We must now decide whether the facts of record in the present case constitute good cause justifying the setting of the fact-finding hearing beyond the 45–day time period established in Wis. Stat. § 48.422(2) and whether, in accordance with § 48.315(2), the continuance was only for so long as was necessary, taking into account the request or consent of the district attorney or the parties and the interest of the public in the prompt disposition of cases.[25]

¶ 32.   By its plain language, Wis. Stat. § 48.315(2) provides a continuance be granted, inter alia, "only upon a showing of good cause in open court or during a telephone conference under s. 807.13 on the record." In the present case, in open court, within the 45–day time period, and with all parties present, the circuit court scheduled the fact-finding hearing for a date beyond the 45–day time period.[26] The circuit court did not mention

---

[24] *Quinsanna D.*, 259 Wis. 2d 429, ¶ 39.

[25] The State's motion to strike arguments from Robert K.'s brief relating to whether there was good cause to hold the hearing outside of the 45–day time limit and whether the hearing was continued for only so long as necessary is denied.

[26] We contrast the present case with other cases in which good cause was not found. In *Matthew S.*, 282 Wis. 2d 150, ¶¶ 2, 6, 36, involving scheduling a fact-finding hearing beyond the 45–day time period, the circuit court lost competency because it

Wis. Stat. § 48.315(2) and never explicitly stated that good cause existed for scheduling the fact-finding hearing after the applicable 45–day statutory time period ended.

¶ 33. Case law establishes, however, that a circuit court need not refer to Wis. Stat. § 48.315(2) in open court in scheduling fact-finding hearings and need not utter any magic words or deliver any special utterances to invoke § 48.315(2). The court of appeals explained as follows:

> Where the record "contains ample evidence to support a finding of good cause" for a continuance of a termination hearing, the trial court's "incantation of statutory phrases [is] unnecessary" for this court to conclude that a continuance, beyond what otherwise would have been the statutory time limits, does not deprive the trial court of competence.[27]

¶ 34. A reviewing court may examine the record to determine whether good cause existed under Wis.

failed to grant a proper extension or continuance on the record in open court. The circuit court rescheduled the fact-finding hearing based on letters written by the deputy district attorney and the father's attorney requesting a continuance. In contrast, the record in this case shows that the circuit court granted a continuance in open court prior to the expiration of the 45–day time period.

In *April O.,* 233 Wis. 2d 663, ¶¶ 3, 11, the court of appeals held that the circuit court lost competency for a dispositional hearing because "it did not properly extend the time limit by finding, before the time limit [under § 48.424(4)] expired and in open court, that good cause existed."

[27] *Quinsanna D.,* 259 Wis. 2d 429, ¶ 38 (a TPR case; quoting *R.A.C.P. v. State,* 157 Wis. 2d 106, 113, 458 N.W.2d 823 (Ct. App. 1990)).

Stat. § 48.315(2) and whether the delay was only for so long as necessary. A reviewing court "will affirm decisions of the trial court if that court reached a result that the evidence would sustain had a specific finding supporting that result been made."[28] Although good cause can be inferred when the record contains ample evidence to support such a determination, the court urges, as explained below, that a circuit court state on the record its reasoning for continuing, delaying or extending a fact-finding hearing beyond the 45-day period between the plea hearing and the fact-finding hearing in a TPR proceeding.

¶ 35. Although a determination of good cause may be based on many factors, courts have emphasized the following four factors when evaluating good cause: (1) good faith of the moving party; (2) prejudice to the opposing party; (3) prompt remedial action by the dilatory party; and (4) the best interest of the child.[29]

¶ 36. Regarding the first factor in evaluating good cause, no evidence exists in the record that any party was seeking to extend the date of the fact-finding hearing without the requisite good faith. The discussions on the record about scheduling suggest that the circuit court, litigants, and lawyers did their best to accommodate the scheduling needs of the various participants, while working within the calendaring constraints of the Milwaukee County circuit court.

---

[28] *R.A.C.P. v. State,* 157 Wis. 2d 106, 113, 458 N.W.2d 823 (Ct. App. 1990)(a TPR case).

[29] *M.G.,* 150 Wis. 2d at 418 n.12 (CHIPS case; quoting with approval *F.E.W. v. State,* 143 Wis. 2d 856, 861, 422 N.W.2d 893 (Ct. App. 1988) (delinquency case)).

¶ 37. The dates for the fact-finding hearings had to fit the circuit court's calendar. The Milwaukee County Children's Court operates on a six-week trial cycle, with one week of the cycle devoted to trials. According to the record, to adhere to the six-week cycle the circuit court could not schedule a jury trial before November 3, 2003.

¶ 38. The sheer number of persons involved in the hearings significantly affected the circuit court's ability to schedule the matter. There were two guardians ad litem, the assistant district attorney, four parents, and six attorneys representing the parents. Several had obligations that interfered with scheduling the hearings. Each attorney had obligations to other clients and other courts to appear at already scheduled trials. Requiring attorneys to reschedule other trials to accommodate the present case would do no more than force another circuit court in another proceeding (and the parties therein) to bear the burden of delay and perhaps fail to meet statutory time deadlines.

¶ 39. November 3, the first date offered by the circuit court, was within the statutory time period. The guardian ad litem for one set of children would have been unable to attend the final day of the week-long trial had it been held the week of November 3, 2003. The assistant district attorney had a trial scheduled during this week.

¶ 40. The next available circuit court trial date after November 3 was December 15, 2003. During the week of December 15, the assistant district attorney and the attorney for one of the mothers were both scheduled to be in trial. In addition, one of the guardians ad litem was unavailable.

¶ 41. The circuit court proceeded to schedule the trials for the next two available trial dates, January 29

and March 8. Robert K.'s other children were assigned the January 29 date because the lawyer for Moriah and Briar's mother had two other cases scheduled on that date. Each trial was scheduled to be one week long and each required the presence of Robert K. Working within these restrictions, the circuit court scheduled the trials back-to-back, within the confines of its six-week trial cycle. These dates were the first practicable dates for all involved.[30]

¶ 42.    The following exchange is illustrative of the difficulties faced by the parties and the circuit court in setting a date for the fact-finding hearings. December 15 met with the following objections:

> THE COURT: Okay. Next date I have available is December 15th.
>
> MS. ACKERMAN [ASSISTANT DISTRICT ATTORNEY]: I'm in trial.
>
>      . . . .
>
> MS. SMITH [GUARDIAN AD LITEM FOR JUSTIN, COLT, AND CODY]: I'm out of the country.
>
> MR. ROTHSTEIN [ATTORNEY FOR MOTHER OF BRIAR AND MORIAH]: I'm in a jury trial.

¶ 43.    The record supports the State's description of the dilemma faced by the circuit court in scheduling the fact-finding hearing within the time periods of Wis. Stat. § 48.422(2):

> The efforts of the court were stymied by the complexity and size of Robert K.'s family structure, which resulted in the need for multiple counsel to be appointed for the

---

[30] Robert K. argues that the court could have scheduled one of the trials to be heard in front of another judge. The record does not show, however, whether another court was available.

mothers of his children, the need to separate his children into two groups so that the trials could be as straight forward as possible (using the GAL for each set of children that had represented them in the CHIPS proceedings and knew the history of the case), and the need for a full week of trial time given the volume of documents produced by the work of the BMCW [Bureau of Milwaukee Child Welfare] on Robert K.'s behalf.

¶ 44. Rather than scheduling a hearing on a date at which some would be absent, and risking a continuance based upon their absence, the circuit court found dates suitable to all parties involved. The circuit court was then committed to those dates, declaring that they were "written in stone."

¶ 45. The circuit court made clear that it would not consider an adjournment request by any party once the fact-finding hearing dates were set:

MR. McLINDEN [ATTORNEY FOR ROBERT K.]: These dates are going to stay?

THE COURT: You bet. We are not changing—the substitution is not going to change dates. We have eight judges out here. I will rope one of them into making sure that they will be doing this case on those dates, and I will be doing their calendar. We are not going to change dates. . . . [I]f there is a substitution filed on me, the dates would stay the same. . . . We all know that if that should happen, the dates are going to stay the same because the civil judge who gets this case— because we have in effect nine available judges to do this case, ten, so the dates are written in stone. Okay?

¶ 46. Were we faced with a case in which the circuit court's calendar was not based on a six-week cycle, in which parties and attorneys were not required for two trials, and in which the requests for different dates were premised on less valid concerns than con-

flicting court appearances, we might not be persuaded that the individuals were acting in good faith, given the importance of the statutory time period. But where, as here, the circumstances made scheduling unusually troublesome, the record supports the existence of good faith.

¶ 47. The second factor in evaluating good cause is whether the objecting party has been prejudiced. Between the plea hearing and the fact-finding hearing, Robert K. did not have visitation rights to his children. He contends that he was prejudiced by the delay based upon his inability to see his children during that period of time.

¶ 48. While we are not insensitive to this concern, Robert K. has shown no prejudice relating to the outcome of the proceedings caused by scheduling the fact-finding hearing after the 45–day statutory time period ran.

¶ 49. Indeed, the delay in the hearing might have afforded Robert K. time to meet the conditions for safe return of the children within twelve months of the fact-finding hearing.[31] When considering whether to terminate parental rights, a jury must consider "all evidence bearing on that question, including evidence of events and conduct occurring since the filing of the petition . . . ."[32] Thus, during the delay, Robert K. had the opportunity to change his behavior such that a jury could be convinced that he would meet the conditions for safe return of his children within twelve months of the fact-finding hearing.

¶ 50. The third factor in evaluating good cause is whether the dilatory party took prompt remedial ac-

---

[31] Wis. Stat. § 48.415(2)(a)3.

[32] Wis JI—Children 324.

tion. This factor is not applicable here. There was no dilatory party. The circuit court offered each and every available trial week between the September 19 plea hearing and the fact-finding hearing scheduled in March. Each individual who expressed scheduling difficulties made an effort to be available at the next open trial date.

¶ 51. The fourth factor in evaluating good cause is the best interest of the child. Scheduling a fact-finding hearing when each parent, lawyer, and guardian ad litem can be present promotes an accurate determination of termination of parental rights and in the present case was in the best interest of the children.

¶ 52. Thus we conclude that all four factors were met in evaluating good cause under Wis. Stat. § 48.315(2).

¶ 53. Furthermore, the delay was no longer than necessary. In the instant case, the complexity and size of Robert K.'s family made it necessary to have multiple lawyers and guardians ad litem present. By scheduling the fact-finding hearing for a date beyond the 45–day time period, the circuit court ensured the appearance of and representation for all parties in this case. The facts of the instant case show that, given the circuit court's six-week trial cycle and the scheduling problems of the many attorneys, the delay was no longer than was necessary.

¶ 54. Not all cases will support a six-month time period between the plea hearing and the fact-finding hearing. Scheduling conflicts for the circuit court or the attorneys or litigants will not always constitute good cause. This court well understands the docket pressures in the circuit courts. Such pressures do not, however, relieve circuit courts of their responsibility to follow the strict time limits prescribed in the Children's Code and

164

the legislative requirement that these matters be handled within the prescribed time periods. In the present case, the circumstances satisfy the good cause requirement of Wis. Stat. § 48.315(2).

■

¶ 55.   Before we conclude, we urge each circuit court that relies on Wis. Stat. § 48.315(2) to cite the statute on the record; to state the basis for concluding good cause exists to continue, delay or extend a fact-finding hearing beyond the 45–day period between the plea hearing and the fact-finding hearing in a TPR proceeding; and to explain that the fact-finding hearing was not delayed longer than was necessary.[33] In other words, the record should reflect the circuit court's concern with meeting the mandatory statutory time periods and protecting the rights of parents, children, and the public by making clear under § 48.315(2) the factors that influence its decision to delay, continue, or extend a hearing beyond the mandatory time periods.

¶ 56.   When a circuit court states on the record its basis for finding good cause, the parties and reviewing courts are assured that the circuit court has considered the legislative directive for prompt disposition of TPR cases. With such a record, fewer appeals are likely to ensue based on whether good cause existed under Wis. Stat. § 48.315(2). While we recognize such a procedure might place a slight burden on the circuit court, this burden is outweighed by the substantial benefit to the parties, the public, and the legal system.

---

[33] This court has previously stated its preference for explicit reasoning on the record when granting continuances, extensions, or delays: "We suggest that trial judges when addressing these questions [concerning extensions of time] refer directly to and cite the appropriate statutory provision." *M.G.,* 150 Wis. 2d at 418 (CHIPS case).

¶ 57.  We reiterate the importance of complying with the statutorily mandated time period.[34] Circuit courts must take seriously the time periods the legislature has established in the Children's Code. A child's calculation of time differs from an adult's. "What seems like a short wait to an adult can be an intolerable separation to a young child to whom a week can seem like a year and a month forever."[35] Therefore, it is incumbent upon a circuit court to minimize the uncertainty in a child's life and to protect constitutional rights by concluding a proceeding on termination of parental rights with dispatch. A circuit court's failure to comply with the statutory time periods may result in loss of competency to proceed.

[34] The federal courts have recognized that Milwaukee County has had difficulties disposing of adoption-related cases quickly and effectively. The Milwaukee County foster care system is currently operated under the supervision of a consent decree entered by a federal court. *See Jeanine B. v. McCullum,* No. 93–C-0547, consent decree (E.D. Wis. June 19, 2001). The consent decree is premised on the Adoption and Safe Families Act of 1997 (ASFA). For discussions of ASFA, see Thomas J. Walsh, *The Clock Is Ticking: Do the Time Limits in Wisconsin's Termination of Parental Rights Cases Serve the Best Interests of Children?,* 83 Marq. L. Rev. 743 (2000); Madelyn Freundlich, *Expediting Termination of Parental Rights: Solving a Problem or Sowing the Seeds of a New Predicament?,* 28 Cap. U. L. Rev. 97 (1999); Stephanie Jill Gendell, *In Search of Permanency: A Reflection on the First 3 Years of the Adoption and Safe Families Act Implementation,* 39 Fam. Ct. Rev. 25 (2001).

[35] *T.H. v. La Crosse County,* 147 Wis. 2d 22, 37, 433 N.W.2d 16 (Ct. App. 1988) (delinquency case; citing The Model Statute for Termination of Parental Rights, reprinted in *The National Bench Book for Juvenile Courts* 154 (rev. ed. 1979)).

¶ 58. We affirm the decision of the court of appeals and order of the circuit court, but on different grounds than relied upon by those courts. We conclude that a continuance may be granted under Wis. Stat. § 48.315(2), independent of the other grounds for a continuance specified in § 48.315(1), and that the record in the present case establishes good cause under § 48.315(2) for holding the fact-finding hearing beyond the 45–day time period. Therefore, we conclude that the circuit court did not lose competency to proceed with the fact-finding hearing. Because we hold that good cause existed to hold the fact-finding hearing more than 45 days after the contested plea hearing, we do not address the issue upon which the circuit court ruled, that is, whether a guardian ad litem's acquiescence in the circuit court's setting the fact-finding hearing beyond the 45–day period fulfills the consent requirement of Wis. Stat. § 48.315(1)(b).

¶ 59. Accordingly, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 60. JON P. WILCOX, J. (*concurring*). I agree with the majority that a continuance may be granted directly under Wis. Stat. § 48.315(2) (2003–04).[1] Furthermore, I agree that a proper continuance was granted in this case, as the record establishes the requisite good cause under § 48.315(2). I write separately to address my concern that the majority does not adequately recognize the problems of court congestion and that such congestion may, in appropriate instances such as this, constitute good cause for a continuance.

---

[1] All subsequent references to the Wisconsin Statutes are to the 2003–04 version unless otherwise indicated.

167

¶ 61. The problems in conducting the fact-finding hearing beyond the 45–day time limit mandated by Wis. Stat. § 48.422(2) were not limited to lawyer and litigant scheduling problems. Another significant problem, but discussed only offhand by the majority, was the lack of available dates in the court's calendar. Notably, the court needed a full week of trial time to properly hear all of the evidence, given the volume of documents produced by the Bureau of Milwaukee Child Welfare.

¶ 62. The week of November 3, 2003, was the first available time frame on the circuit court's calendar. The fact-finding hearing would have been within the 45–day time period required under § 48.422(2) on this date. When the assistant district attorney and one of the guardians ad litem notified the court of scheduling conflicts, Robert K. argues that there was no reason given for why dates prior to November 3 were never considered.

¶ 63. I believe that it is readily apparent that court congestion was a significant factor in the delay of this case. There simply were no other dates prior to November 3 available for a full week of trial time. The Milwaukee County Children's Court is on a tight six-week scheduling system that makes it extremely difficult in complicated TPR cases such as this one, to meet the strict timing demands of the Children's Code despite the best efforts of a sometimes overwhelmed judiciary.

¶ 64. Indeed, Wisconsin case law has recognized that court congestion may be a legitimate reason for granting a continuance. As the court of appeals has stated: "A continuance can be granted by a court to a party under § 48.315(2) for court congestion provided that good cause is shown and the trial court does so in a timely manner on the record." *In re J.R.*, 152 Wis. 2d

598, 607, 449 N.W.2d 52 (Ct. App. 1989); *accord State v. April O.,* 2000 WI App 70, ¶ 9, 233 Wis. 2d 663, 607 N.W.2d 927.

¶ 65. It is no secret that court congestion is a serious problem that plagues the Milwaukee County Children's Court and affects its ability to meet the statutory deadlines of Chapter 48. Granted, congestion may not constitute good cause in every instance, but in this case, congestion clearly was an important factor that bore on the decision to extend the time beyond the 45–day limit between the hearing on the petition and the fact-finding hearing. As such, the court should take this opportunity to acknowledge that congestion may constitute good cause sufficient for a continuance under § 48.315(2) in appropriate instances.

¶ 66. I am authorized to state that Justices DAVID T. PROSSER and PATIENCE DRAKE ROGGENSACK join this concurrence.